

Spicewood Business Center
4412 Spicewood Springs Rd.
Suite 202
Austin, Texas 78759
T: (512) 520-9407

www.hpylegal.com

July 20, 2017

**FILED UNDER SEAL**

Chief Judge Ron Clark
c/o Priyanka Dev
United States Courthouse
300 Willow Street, Suite 221
Beaumont, TX 77701

      Re:    Civil Action No. 1:15-cv-00350-RC
               *Personal Audio, LLC v. Google, Inc.*

Dear Judge Clark:

      Ahead of the Court's scheduled Telephonic Status Conference set for 10:00 a.m. on Friday July 21, 2017, Personal Audio submits this status update with courtesy copies of the documents referenced herein. Because Google has broadly designated its entire responses as either "CONFIDENTIAL" or "RESTRICTED ATTORNEYS EYES ONLY" some of the exhibits are being filed under seal and the filed copy of this letter contains redactions but a complete copy will be filed under seal and the courtesy copy for the Court will be the complete copy.

      Following the June 19, 2017 status conference, where the Court directed Personal Audio to provide more specifics regarding the information that it needed and directed the parties to work together to avoid unnecessary gamesmanship and discovery delays, Personal Audio narrowed and focused its discovery. To that end, on June 27, 2017 Personal Audio submitted a written proposal to Google, providing more specifics on the discovery it sought. The June 27, 2017 Correspondence with its attachment is attached hereto as **Exhibit 1**. This correspondence provided eight focused areas of discovery, directly relevant to venue and Google's business in the Eastern District of Texas. In the cover letter, Personal Audio requested a meet and confer to discuss the proposal.

      The parties held a meet and confer conference on June 30, 2017. During this conference, Personal Audio reiterated the offer set forth in its June 27, 2017 letter and advised counsel for Google that, if Google had concerns about any of the requests, either in terms of burden or scope, counsel for Google should call counsel for Personal Audio and Personal Audio would attempt to work with them to narrow the requests, where appropriate. Personal Audio further offered to provide Google with an extension of time to provide documents and interrogatory answers in response to the requested discovery. Counsel for Google indicated that responses to the June 1, 2017 discovery requests had already been prepared and it would be serving those shortly. Ultimately, Personal Audio granted two requests by Google for extensions of time to respond.



On July 7, 2017 Google served its responses to Personal Audio's Venue Interrogatories (filed under seal as **Exhibit 3**) and its responses to Personal Audio's Venue Requests for Production (filed under seal as **Exhibit 2**).

The responses consisted almost entirely of objections with Google producing only ▮ documents. Of note, Google designated the entirety of its responses to the Venue Requests for Production as "CONFIDENTIAL" and the entirety of its responses to the Venue Interrogatories as "RESTRICTED ATTORNEYS EYES ONLY." Further, Google limited the time window of all of its responses to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (See, Exhibit 2, p. 3 and Exhibit 3, p. 2.)  This is despite Personal Audio advising Google during the parties' meet and confer that the relevant window for venue determination is established from the <u>date the cause of action accrued</u> – not the date of filing. *See, e.g., Raytheon Co. v. Cray, Inc.*, Civil Action No. 2:15-CV-01554-JRG, 2017 U.S. Dist. LEXIS 100887, *9 (E.D. Tex. June 29, 2017); *Welch Sci. Co. v. Human Eng'g Inst., Inc.*, 416 F.2d 32, 35 (7th Cir. 1969), *cert. denied*, 396 U.S. 1003 (1970). In addition, Google proffered mostly the same broad boiler-plate objections across its responses and where it did provided any substantive information, it provided nothing but generalities.

Personal Audio immediately raised its objections to Google's refusal to provide any information outside of a ▮▮▮▮▮▮▮▮ window, its boiler-plate objections and refusal to provide substantive responses, and it's improper over designations of confidentiality with respect to its responses.  Further, Personal Audio provided Google with a copy of Judge Gilstrap's recent decision in *Raytheon Co.*, requested an immediate meet and confer on their discovery responses and requested that they appropriately supplement their responses and production. Attached as **Exhibit 4** is a copy of a series of emails in which Personal Audio specifically complained about the limited production and improper designation under the Protective Order and requested a response to three specific questions. Google failed to answer those questions. The subsequent telephonic meet and confer took place on Tuesday July 18, 2017.  Google came to this meet and confer totally unprepared to address the issues. Despite the fact that Personal Audio asked in multiple prior emails whether Google would agree to withdraw its limitation of its responses to the ▮▮▮▮▮▮▮▮ time frame, counsel for Google was unwilling to provide a clear answer, claiming that they needed to confer with their client and that they needed Personal Audio to provide another copy of the letter Personal Audio sent Google in September of 2012 regarding notice of the claim. (Whether they attempted and failed to get a copy of the letter from Google's in house legal department is unclear.) During this meet and confer, Google's counsel was asked on multiple occasions to specifically articulate what in Google's responses was information that actually qualified as  CONFIDENTIAL or RESTRICTED ATTORNEY'S EYES ONLY information under the terms of the Protective Order. Google was unable to identify a single specific response. When Personal Audio said it would take the issue up with the Court, Google promised to identify the specific portions of the Responses containing CONFIDENTIAL and RESTRICTED ATTORNEYS EYES ONLY as soon as possible – that evening or the next morning. Google failed to do so.

Google stated during the meet and confer that it would be providing its responses to discovery requested in Personal Audio's June 27 letter on July 19. Google was asked on multiple

occasions during the meet and confer whether it had any issues they wanted to raise with those requests. Google said there were none.

On July 19, 2017 Personal Audio received Google's "responses" to Personal Audio's June 27, 2017 letter, in lieu of responding to the June 16 discovery requests. (A copy these response are filed under seal as **Exhibit 5**.) Despite NEVER CONTACTING PERSONAL Audio to ask for any limitation on the requests and advising Personal Audio approximately 24 hours before that it had no issues to raise during the meet and confer, Google objected to every request for information made by Personal Audio, and continued its pattern of obstruction by again limiting its responses to [REDACTED], refusing to provide substantive responses and designating even its objections as CONFIDENTIAL.

Based on the foregoing, there are three primary areas of dispute with which Personal Audio requests the Court's assistance at this time.

1. **Google should not be allowed to limit all of its responses to facts that it claims existed in [REDACTED].**

Despite Personal Audio specifying the time frame in each of its request, Google ignored the scope of the requests and limited its production to [REDACTED]. Google's self-created limitation has severely thwarted Personal Audio's discovery efforts. Google's sole authority for this position,[1] however, only discusses when the venue determination is made (at the time of filing), not whether facts that occurred during the accrual period of the claim can be considered as part of that determination. As noted by Judge Gilstrap, every case that has considered the accrual period under 1400(b), has determined that venue can be supported by facts that occurred during the accrual of the claim:

> Few courts have considered the proper time period for assessing whether a defendant has a regular and established place of business in the district, but each one has reached the same conclusion: "under the patent venue statute, venue is properly lodged in the district if the defendant had a regular and established place of business at the time the cause of action accrued and suit is filed within a reasonable time thereafter. The Court adopts this view.

*Raytheon Co.*, 2017 U.S. Dist. LEXIS 100887 at *9 (citing *Welch Sci. Co. v. Human Eng'g Inst., Inc.*, 416 F.2d 32, 35 (7th Cir. 1969), *cert. denied*, 396 U.S. 1003 (1970); *San Shoe Trading Corp. v. Converse Inc.*, 649 F. Supp. 341, 345 (S.D.N.Y. 1986); *Datascope Corp. v. SMEC, Inc.*, 561 F. Supp. 787, 789 (D.N.J. 1983), *aff'd in relevant part*, 776 F.2d 320 (Fed. Cir. 1985)).

2. **Google, in many cases, simply refused to provide discovery or responded only with general statements.**

---

[1] *L&H Concepts LLC v. Schmidt d/b/a Karrier Commc'ns*, 2007 U.S. Dist. LEXIS 85840, at *3 (E.D. Tex. Nov. 20, 2007); *Blue Spike, LLC v. Texas Instruments, Inc.*, 2014 U.S. Dist. LEXIS 188539, at *172 (E.D. Tex. Mar. 18, 2014).



Personal Audio needs detailed discovery from Google because the representations Google has previously provided to Personal Audio and this Court cannot be trusted. ████████████████████████████████████████████████████████████████████ And we know from public records (copy attached hereto as **Exhibit 7**) that Google paid personal property taxes in connection with that Frisco office for at least the years 2013, 2014, 2015, and 2016. And we know that Google made a 2016 personal property tax payment on that property in Frisco, Texas on March 28, 2017 – the same month as the Declaration. Further, despite due demand, Google has refused to identify what property it was paying taxes on.

Another example relates to Google Global Cache, a/k/a/ GGC. ████████████████████████████████████████. What Google did not tell the Court is that Google has owned, managed and supplied servers located in multiple locations in the Eastern District that are used in connection with Google's Google Play business. Plaintiff discovered this information through online searches and raised this issue at the last conference with the Court. Attached as **Exhibit 8** is a Google map taken from a Google website reflecting Google Global Cache sites in Tyler and Texarkana. Google's website says the following:

> "Our edge nodes (called Google Global Cache, or GGC) represent the tier of Google's infrastructure closest to our users. With our edge nodes, network operators and internet service providers deploy Google-supplied servers inside their network.
>
> Static content that is very popular with the local host's user base, including YouTube **and Google Play**, is temporarily cached on edge nodes. Google's traffic management systems direct user requests to an edge node that will provide the best experience.
>
> In some locations, we also use our edge nodes to support the delivery of other Google services, such as Google Search, by proxying traffic where it will deliver improved end-to-end performance for the end user."

https://peering.google.com/#/infrastructure *emphasis added.*

Another page of Google's website states: "Our edge nodes (also known as Google Global Cache, GGC) allow host network operators to optimise their traffic exchange with Google and enhance the quality of experience for users. **Google provides and supports the hardware and coordinates import logistics. We also monitor and operate the node 24x7."**
https://peering.google.com/#/options/google-global-cache (*emphasis added.*)



Now that Google knows from the last hearing that Personal Audio discovered Google's GGC presence in the Eastern District, Google has admitted in discovery responses the existence of same but has failed to provide any substantive detail other than a link to a website. Google has failed to provide contractual agreements and other documents relating to the presence of these Google owned and managed servers in the Eastern District – again, despite due demand by Personal Audio.

Another example relates to Google employees in the Eastern District. Personal Audio pointed out in the last conference with the Court that Google was misleading the Court on this issue. In Google's Opposition to Plaintiffs Motion to Amend [Dkt 77 at p6 9page ID #504] Google suggested that it does not have any employees, offices or facilities in the Eastern District. Yet, in the last conference with the Court, Personal Audio was able to identify at least two Google employees in the Eastern District. The resumes and LinkedIn page of Tom Donahue, who identifies himself as the Director, Network Deployment at Google from December 2008 – present, is attached as **Exhibit 9**. Mr Donahue's resume lists his address as McKinney, Texas. Attached as **Exhibit 10** is the LinkedIn page of Mr. Mike Truty. Mr. Truty identifies his title as Cloud Solutions Architect, Technical Program manager at Google from 2013 – present and lists his location as Frisco, Texas.

In response to discovery requests asking Google to identify employees, agents, etc. who engaged in activities on behalf of Google in the Eastern District, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Personal Audio's tailored discovery requests specified that it needed information regarding Eastern District of Texas instances of: (i) Global Cache and other servers, (ii) offices and personal property; (iii) employees / contractors; (iv) Google Street View Service; (v) Google Fi; (vi) exclusive licensed repairs; business in the jurisdiction and; (vii) affiliates and co-ventures. (Exhibit 1.) Personal Audio's discovery request are directly targeted at the types of information the *Raytheon Co.* case indicated as being relevant to the analysis of a "regular and established place of business." Specifically, Google's physical presence (particularly people, property, equipment, and infrastructure), targeted interaction (such as contractual relationships, customer support and marketing efforts), and the benefits received from interactions with this judicial district. For each of these categories, Google has not supplied the requested information. In conclusion, Personal Audio requests that this Court Order Google to provide the information requested in Personal Audio's June 27, 2017 letter.

### 3. Google is unreasonably designating it responses and production.

Lastly, Google has designated each of its responses and all documents as either CONFIDENTIAL or RESTRICTED ATTORNEY'S EYES ONLY. In fact, Google's responses to Personal Audio's Request for Production, which contain only Google's boiler plate objections



and no facts whatsoever, have been designated CONFIDENTIAL.  (See Exhibit 2.) Paragraph 6 of the Amended Protective Order entered in this case [Dkt 51] provides:

> 6. A Party shall designate documents, information, or material as CONFIDENTIAL only upon a good faith belief that such documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

Plaintiff requests that Google be ordered to remove the improper CONFIDENTIAL and RESTRICTED ATTORNEYS EYES ONLY designations from its discovery responses. There is nothing in Google's responses that would harm Google through public disclosure.  *See Kryptek Outdoor Grp., LLC v. Salt Armour, Inc.*, 2016 U.S. Dist. LEXIS 182542 (E.D. Tex. Feb. 22, 2016) (Clark, J.) ("The court observes nothing that would harm Kryptek or its attorneys through public disclosure. For this exhibit, the public's common law right of access to judicial records outweighs Kryptek's interest in non-disclosure.").

Personal Audio respectfully requests the Court's assistance in compelling Google to provide complete and full discovery responses.

Dated:  July 20, 2017              Respectfully submitted,

                                   By */s/ William M. Parrish*_____
                                   William M. Parrish
                                   Texas State Bar No. 15540325
                                   HARDY PARRISH YANG, LLP
                                   Spicewood Business Center
                                   4412 Spicewood Springs Rd., Suite 202
                                   Austin, Texas 78759
                                   Phone: (512)520-9407
                                   bparrish@hpylegal.com

                                   **Counsel for Plaintiff Personal Audio, LLC**



## **CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on July 20, 2017 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                        */s/ William M. Parrish*