IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-1751 (VAC) (CJB) |
| | ) | |
| GOOGLE, INC., | ) | **REDACTED** |
| | ) | **PUBLIC VERSION** |
| Defendant. | ) | |

# GOOGLE LLC'S OPENING BRIEF IN SUPPORT OF
# MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

OF COUNSEL:

Jeannine Yoo Sano
Eric Krause
WHITE & CASE LLP
3000 El Camino Real
Building 5 – 9th Floor
Palo Alto, CA 94306
(650) 213-0356

Jason Xu
WHITE & CASE LLP
701 Thirteenth Street NW
Washington, DC 20005
(202) 626-6496

Leon Miniovich
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-7923

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Defendant*

Original Filing Date: February 9, 2018
Redacted Filing Date: February 16, 2018

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. NATURE AND STAGE OF PROCEEDINGS .............................................................. 1

III. SUMMARY OF ARGUMENT ...................................................................................... 2

IV. SUMMARY OF FACTS ................................................................................................ 2

    A. Google Has No Meaningful Ties to Delaware .................................................... 2

    B. Plaintiff Has No Ties of Any Kind to Delaware ................................................. 3

V. THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA ............................................................................. 4

    A. All of the Private Interest Factors Favor Transfer to the Northern District of California .............................................................................. 5

        1. Delaware Is Not Plaintiff's Originally Chosen Forum ............................. 5

        2. Google's Preferred Forum Weighs in Favor of Transfer to the Northern District of California ............................................. 6

        3. Plaintiff's Alleged Claims Arose in the Northern District of California ............................................................................................... 6

        4. Convenience to the Parties Favors Transfer to the Northern District of California ................................................................................. 7

        5. Convenience of the Witnesses Favors Transfer ....................................... 9

        6. The Location of Documents Favors Transfer ........................................ 10

    B. Public Interest Factors Also Weigh in Favor of Transfer to the Northern District of California ........................................................................... 11

        1. Practical Considerations Favor Transfer ................................................ 12

        2. Court Congestion in Delaware Favors Transfer .................................... 13

        3. The Northern District of California Has a Strong Local Interest in This Case ............................................................................... 13

VI. CONCLUSION ............................................................................................................. 14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*ChriMar Sys., Inc. v. Cisco Sys., Inc.*,
   C.A. No. 11-1050 (GMS), 2013 U.S. Dist. LEXIS 30205
   (D. Del. Mar. 6, 2013) ........................................................................................................... 8

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) .......................................................................................... 10

*In re Google*,
   No. 2017-107, D.I. 16 (Order) (Fed. Cir. Feb. 23, 2017) ..................................................... 8

*In re Hoffmann-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009) .......................................................................................... 13

*In re Link_A_Media Devices Corp.*,
   662 F.3d 1221 (Fed. Cir. 2011) ...................................................................................... 9, 11

*In re Verizon Bus. Network Servs. Inc.*,
   635 F.3d 559 (Fed. Cir. 2011) .............................................................................................. 8

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ........................................................................................... passim

*Linex Techs., Inc. v. Hewlett-Packard Co.*,
   C.A. No. 11-400 (GMS), 2013 U.S. Dist. LEXIS 1924 (D. Del. Jan. 7, 2013) ................ 8, 12

*Mec Resources, LLC v. Apple, Inc.*,
   C.A. No. 17-223 (MAK), 2017 U.S. Dist. LEXIS 149671 (D. Del. Sept. 15,
   2017) ................................................................................................................................... 13

*Mitel Networks Corp. v. Facebook*,
   943 F. Supp. 2d 463 (D. Del. 2013) .............................................................................. passim

*OpenTV, Inc. v. Netflix, Inc.*,
   C.A. No. 12-1733 (GMS), 2014 U.S. Dist. LEXIS 43123 (D. Del. Mar. 31,
   2014) ..................................................................................................................... 5, 6, 9, 13

*Papst Licensing GmbH v. Lattice Semiconductor Corp.*,
   126 F. Supp. 3d 430 (D. Del. 2015) (Burke, J.) ........................................................ 6, 7, 9, 11

*Segan LLC v. Zynga Inc.*,
   C.A. No. 11-670 (GMS), 2014 U.S. Dist. LEXIS 35685 (D. Del. Mar. 19,
   2014) ..................................................................................................................................... 9

*Teleconference Sys.* v. *Proctor & Gamble Pharms., Inc.*,
   676 F. Supp. 2d 321 (D. Del. 2009) ..................................................................................... 7

*Wacoh Co. v. Kionix Inc.*,
   845 F. Supp. 2d 597 (D. Del. 2012) .................................................................................... 10

*Williamson v. Google*,
   C.A. No. 14-216 (GMS), D.I. 67 (Order) (D. Del. Mar. 2, 2015) ................................ 5, 6, 11

**Other Authorities**

15 Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure,* § 3851 (4th ed.) .................................................................................. 10

## I.  INTRODUCTION

This case has extensive ties to the Northern District of California and almost no connection to Delaware.  Defendant Google LLC is headquartered in the Northern District of California ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉  None of the named inventors of the two asserted patents or any other potential witnesses are located in Delaware.  Furthermore, there are no relevant documents or any known sources of evidence located in Delaware.  Plaintiff Personal Audio, LLC is not located in Delaware, has never litigated in Delaware, and did not choose to file this lawsuit in Delaware.  Based on the *Jumara* factors, this case should be transferred.

## II.  NATURE AND STAGE OF PROCEEDINGS

Personal Audio filed this case in the Eastern District of Texas, alleging that Google indirectly infringed certain claims of U.S. Patent No. 6,199,076 ("'076 patent") and U.S. Patent No. 7,509,178 ("'178 patent") by developing and marketing Google Play Music.[1]  *See* D.I. 1.  Despite recognizing that this case could have been brought in the Northern District of California, *see* D.I. 66 at 5-6, the Eastern District of Texas decided not to transfer the case under 28 U.S.C. § 1404(a) based primarily on its previous experience with the patents-in-suit involving other defendants.  *See* D.I. 66 at 16.  The governing protective order and ESI order were entered in this case on March 27, 2017.  *See* D.I. 50, 51.  Fact discovery was scheduled to close on November 9, 2017, *see* D.I. 52 at 3, and all discovery not related to venue was stayed on June 20, 2017.  *See* D.I. 80.

In response to Google's motion to dismiss the complaint for failure to state a claim and for improper venue, *see* D.I. 32, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

[1] ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ accused instrumentality identified in the amended complaint.  *See* D.I. 38.

the Supreme Court's *TC Heartland* decision, Google renewed its motion to dismiss for improper venue, *see* D.I. 73, which the Eastern District of Texas granted on December 1, 2017 and transferred this case to Delaware. *See* D.I. 103. Google filed its answer to the amended complaint on January 10, 2018. *See* D.I. 109. No case schedule has been entered in Delaware.

### III.   SUMMARY OF ARGUMENT

It is undisputed that this action could have been brought in the Northern District of California where Google maintains its principal place of business. Google's headquarters ████████████████████████████████████████████████████████████████████████ ████ are located in the Northern District of California. Personal Audio has no presence in or any tie to Delaware, has never litigated in Delaware before, and did not choose to file this case in Delaware. No evidence or witnesses are located in Delaware. Delaware has no past experience with the patents-in-suit. The high number of patent cases filed in Delaware combined with vacant judgeships and constrained resources of this Court further weigh in favor of transfer. Accordingly, all private and public interest factors favor transferring this case to the Northern District of California.

### IV.   SUMMARY OF FACTS

#### A.   Google Has No Meaningful Ties to Delaware

Apart from its incorporation,[2] Google has no meaningful connection to Delaware. Google has been headquartered in Northern California since its founding in 1998. *See* King Decl. ¶ 2. ████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ the

---

[2] Google filed a Certificate of Conversion with the Delaware Secretary of State in which Google converted from a corporation to a limited liability company on September 30, 2017. *See* D.I. 99.

only identified accused instrumentality, █████████████████████

████ both in the Northern District of California.³ See ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████  ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████

### B. Plaintiff Has No Ties of Any Kind to Delaware

Personal Audio has no connection of any kind to Delaware and did not choose to file this case in Delaware. According to Personal Audio's General Counsel and CEO, Brad Liddle,[4] "Personal Audio is a Texas Domestic Limited Liability Corporation"; "Personal Audio's principal place of business is located at PO Box 1288, Nederland, Texas 77627"; "Personal

---

[3] ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

[4] Personal Audio has only one other employee, Erin Davis, with the title of "Director of Office Operations." See Liddle Decl. ¶ 4.

3

Audio does not and has never had a registered agent for service of process in any state but Texas"; "Personal Audio has paid Texas Franchise Taxes from 2011 through 2017"; and "Personal Audio has never paid, or been required to pay, taxes to another state." *See* Ex. 1, Liddle Decl. ¶¶ 2-3, 6.

None of the named inventors, James Logan, Daniel Goessling, and Charles Call, is located in Delaware. James Logan and Daniel Goessling reside in the Boston area, and Charles Call, who also prosecuted the asserted patents, resides in Hillsborough, North Carolina or Chicago, Illinois. *See* D.I. 41-6, 41-7, 41-8, 41-9. The original assignees of the '076 patent were the named inventors, and the original assignee of the '178 patent was the Logan Family Trust in Monroe, Massachusetts. *See* D.I. 41-4, 41-5. Personal Audio's former Vice President of Licensing, Richard Baker, Jr., also resides in the Boston Area. *See* D.I. 41-10, 41-11. Brad Liddle, Personal Audio's General Counsel and CEO, resides in Texas. *See* Ex. 1, Liddle Decl. ¶ 1. All of Personal Audio's documents are located in Plano, Texas. *See id.* ¶ 5.

## V.     THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA

This action could have been brought in the transferee district. *See* D.I. 66 at 5-6 ("Neither side argues that this case could not have been brought in the Northern District of California or that the Northern District of California would lack jurisdiction…. [T]he action could have been brought in the Northern District of California … as such, Google satisfies the threshold inquiry for a transfer of venue analysis"). Accordingly, the transfer analysis involves a consideration of "whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (directing transfer based on convenience and fairness considerations). Because transfer would best serve the interests of convenience and justice, this

4

case should be transferred to the Northern District of California. *See, e.g.*, *Williamson v. Google*, C.A. No. 14-216 (GMS), D.I. 67 (Order) (D. Del. Mar. 2, 2015); *OpenTV, Inc. v. Netflix, Inc.*, C.A. No. 12-1733 (GMS), 2014 U.S. Dist. LEXIS 43123, at *3 (D. Del. Mar. 31, 2014) (transferring case filed by Delaware corporation plaintiff against Delaware corporation defendant to Northern District of California, "[c]onsidering the *Jumara* private and public interest factors as a whole").

### A. All of the Private Interest Factors Favor Transfer to the Northern District of California

All of the private interest factors weigh in favor of transfer: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's forum preference; (3) whether the claims arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) location of books and records. *See Jumara*, 55 F.3d at 879.

#### 1. Delaware Is Not Plaintiff's Originally Chosen Forum

All of Personal Audio's previous litigations were in the Eastern District of Texas, *see, e.g.*, D.I. 38 ¶¶ 13-17, and Personal Audio has never litigated in Delaware. This case was transferred to Delaware following the determination by the Eastern District of Texas that venue was improper in Personal Audio's chosen forum. *See* D.I. 103 at 23 ("Personal Audio did not request a transfer in their response to Google's Motion."). Thus, the first factor weighs in favor of transfer.

### 2. Google's Preferred Forum Weighs in Favor of Transfer to the Northern District of California

This Motion demonstrates that it is significantly more convenient and that it is Google's preference to litigate in the Northern District of California where Google is headquartered. Accordingly, the second factor strongly weighs in favor of transfer. *See Mitel Networks Corp. v. Facebook*, 943 F. Supp. 2d 463, 470 (D. Del. 2013) (defendant "clearly prefers to litigate in the Northern District of California, the District where it operates its principal place of business and headquarters. This factor weighs in favor of transfer"); *Papst Licensing GmbH v. Lattice Semiconductor Corp.*, 126 F. Supp. 3d 430, 439 (D. Del. 2015) (Burke, J.) ("As this Court has often held, the physical proximity of the proposed transferee district to a defendant's principal or key place of business (and relatedly, to witnesses and evidence potentially at issue in the case) is a clear, legitimate basis for seeking transfer.").

### 3. Plaintiff's Alleged Claims Arose in the Northern District of California

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████ *see also Williamson*, D.I. 67 (Order) at 3 ("Google designed and developed the accused … product in Mountain View; Google continues to develop and market [the accused product] from that location. Therefore, the infringement claims have 'deeper roots' in the Northern District of California than in the District of Delaware."); *OpenTV*, 2014 U.S. Dist. LEXIS 43123, at *6 (factor regarding where claim arose weighs in favor of transfer "because the products alleged to be infringing were developed and designed in the Northern District of California"); *Mitel*, 943 F. Supp. 2d at 471 (factor weighs in favor of transfer "[b]ecause Facebook created, developed, and engineered its product largely in the Northern District of California"). While Google Play Music may be available nationwide,

6

the connection of this case to the Northern District of California is far stronger than Delaware. *See Papst*, 126 F. Supp. 3d at 439 ("Although some accused products may be used to perform the patented methods in Delaware (after sale here), it is clear that the allegedly infringing acts at issue have a far stronger connection to the Northern District of California than they do with Delaware (or any other district). In such a circumstance, the Court finds that this factor weighs in favor of transfer."). Accordingly, this factor weighs in favor of transfer.

### 4. Convenience to the Parties Favors Transfer to the Northern District of California

The convenience of the parties takes into account "(1) the parties' physical location; (2) the associated logistical and operational costs to the parties' employees in traveling to Delaware (as opposed to the proposed transferee district) for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal." *See Mitel*, 943 F. Supp. 2d at 471.

With respect to physical location, Google maintains its principal place of business in the Northern District of California, and the ███████████████████████ Personal Audio is located in Texas. *See* Ex. 1, Liddle Decl. ¶ 2. Since neither party is ███████████████████████.

With respect to costs, litigation in Delaware will necessitate logistical and operational costs for both sides. Because none of the witnesses for either party is located in Delaware, everyone will need to travel to this district for trial. *See Teleconference Sys.* v. *Proctor & Gamble Pharms., Inc.*, 676 F. Supp. 2d 321, 333 (D. Del. 2009) ("The fact that plaintiff has not identified a single material witness who resides in Delaware rather than California is telling and weighs in favor of transfer."). ███████

7

██████████████████████████████████████████████████████████

████████████████████████████ ████████████████████ There are no Google witnesses located in the District of Delaware.  *See* King Decl. ¶ 11.  All three named inventors, Personal Audio's former Vice President of Licensing, and both of Personal Audio's current employees are located outside of Delaware.  *See* Part IV.B *supra*.  Given that ███████ ████████████████████████████████████████████, and no witnesses for Personal Audio reside in Delaware, proceeding with litigation and trial in the Northern District of California will result in a significant reduction of costs of attendance.  *See, e.g., In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011) (concluding that transferee forum was far more convenient where many witnesses resided in transferee forum, and none resided within 100 miles of plaintiff's chosen forum); *In re Google*, No. 2017-107, D.I. 16 (Order) at 5-6 (Fed. Cir. Feb. 23, 2017) ("the evidence overwhelmingly supports a conclusion that this factor weighs strongly in Google's favor" where "the vast majority of Google's employees-- in particular those responsible for projects relating to the accused products-- work and reside in the Northern District of California").

Although courts consider the relative financial ability of each party to bear litigation-related travel costs, they "must also account for the absolute costs likely to flow from its transfer decision."  *See ChriMar Sys., Inc. v. Cisco Sys., Inc.*, C.A. No. 11-1050 (GMS), 2013 U.S. Dist. LEXIS 30205, at *18 (D. Del. Mar. 6, 2013).  Cross-country litigation would necessitate more costs and disruptions.  *See Linex Techs., Inc. v. Hewlett-Packard Co.*, C.A. No. 11-400 (GMS), 2013 U.S. Dist. LEXIS 1924, at *13 (D. Del. Jan. 7, 2013) (whether defendant may have greater financial resources do "not blind the court to the inevitable costs and disruptions that cross-

---

5 ████████████████████████████████████████

country litigation imposes."). In its preceding round of patent infringement cases, Personal Audio used a California law firm, Stradling Yocca Carlson & Rauth, P.C, in addition to two other Texas law firms. *See Segan LLC v. Zynga Inc.*, C.A. No. 11-670 (GMS), 2014 U.S. Dist. LEXIS 35685, at *8 n.2 (D. Del. Mar. 19, 2014) (previous lawsuits brought by plaintiff in different fora demonstrate lack of inconvenience of litigating in transferee forum). In addition, Personal Audio has repeatedly retained a California resident employed by University of California, Santa Barbara, as its proposed technical expert in all of the litigations, reexamination, and IPRs involving the patents-in-suit. Santa Barbara is significantly closer to the Northern District of California than it is to Delaware. Thus, "while both parties may be financially able to litigate in Delaware, it would undoubtedly reduce litigation costs and be more convenient for the parties to litigate where they are physically located."[6] *See OpenTV*, 2014 U.S. Dist. LEXIS 43123, at *7 (concluding "this factor weighs strongly in favor of transfer to Northern California").

Accordingly, this factor weighs in favor of transfer.

### 5. Convenience of the Witnesses Favors Transfer

The next factor is "the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *See Jumara*, 55 F.3d at 879. As set forth above, the Northern District of California is clearly more convenient for Google witnesses, and Delaware is not more convenient for Personal Audio witnesses or its two

---

[6] Even though Google is a Delaware entity, the Federal Circuit has warned against placing too much weight on this fact and has emphasized that a party's state of incorporation is not dispositive. *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223-24 (Fed. Cir. 2011) (party's state of incorporation "is certainly not a dispositive fact in the venue transfer analysis"); *accord OpenTV*, 2014 U.S. Dist. LEXIS 43123, at *3 (transferring case filed by Delaware corporation plaintiff against Delaware corporation defendant); *Papst*, 126 F. Supp. 3d at 434 (granting defendants' the motion to transfer when "[d]efendants are … all incorporated in Delaware").

employees. Although neither side has identified any specific non-party witnesses, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Wacoh Co. v. Kionix Inc.,* 845 F. Supp. 2d 597, 602-03 (D. Del. 2012) ("with the passage of time from now until trial, it is possible, if not probable, that some employees will become ex-employees."). Although these individuals would no longer be under Google's control, their testimony concerning the development and/or marketing of Google Play Music may very well be needed. Such ex-employees "would not be subject to this Court's subpoena power, but would likely not move out-of-state and therefore would continue to be subject to the subpoena power in the Northern District of California." *See id.* This action should therefore proceed in a forum where the Court has subpoena power to compel the attendance of such witnesses at trial. *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("The fact that [a] transferee venue is a venue with usable subpoena power ... weighs in favor of transfer, and not only slightly."). The convenience of these potential ex-employees, who are third-party witnesses, is "[o]ften cited as the most important factor in determining whether a case should be transferred pursuant to § 1404(a)." *See* 15 Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure,* § 3851 (4th ed.).

As a result, this factor favors transfer.

### 6. The Location of Documents Favors Transfer

The final private interest factor is "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *See Jumara*, 55 F.3d at 879. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *See In re Genentech,* 566 F.3d at 1345; *Mitel,* 943 F. Supp. 2d at 474.

As discussed above,  *Papst*, 126 F. Supp. 3d 430 at 443 ("It is undisputed that the majority of relevant documentation regarding the claims and defenses in this case will be located in or near the Northern District of California, and not in Delaware … this factor … favors transfer."). Even though technological advances have made transportation of electronic evidence less onerous than before, the physical location of the relevant books and records should not be disregarded. *See Mitel*, 943 F. Supp. 2d at 474 (this Court "must nevertheless accord at least some weight to this factor."); *see also In re Link_A_Media,* 662 F.3d at 1224 (reversal based in part on ignoring location of books and records).

This factor also weighs in favor of transfer. *See Williamson*, D.I. 67 (Order) at 4.

### B.  Public Interest Factors Also Weigh in Favor of Transfer to the Northern District of California

The public interest factors include: (1) practical considerations that could make the trial easy, expeditious, or inexpensive; (2) relative administrative difficulty in the two fora resulting from court congestion; (3) local interest in deciding local controversies at home; (4) enforceability of the judgment; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *See Jumara*, 55 F.3d at 879-80. Although the fourth through sixth factors are either inapplicable or neutral, the first three factors support transfer to the Northern District of California.

11

1.      **Practical Considerations Favor Transfer**

In determining transfer, courts consider the "practical considerations that could make the trial easy, expeditious, or inexpensive." *See Jumara*, 55 F.3d at 879.  This case has only recently been transferred from the Eastern District of Texas, and this Court has yet to devote any significant resources to its adjudication.  Google only recently filed its Answer, and no scheduling order has yet been entered.  *See* D.I. 116.  This Court has no past experience or familiarity with the patents-in-suit.  Nor are any related cases pending in this District.  Thus, no expenditure of judicial resources would be undermined through transfer.

Because Google's ███████████████████████████████████████ ███████████████████████████████ excessive litigation costs and unnecessary disruption to employees could both be avoided through transfer to the district ████████████████ ████████████████████████ *See Mitel*, 943 F. Supp. 2d at 475 (transfer appropriate where accused infringer's "employees, headquarters, primary engineering and design facilities, management team offices, potentially relevant documentation, and source code are in the Northern District of California").  Given that ██████████████████████████████████ ████████████████ and no relevant third party witnesses reside in Delaware, the practical considerations of efficiency, expense, and ease weigh in favor of transfer to the Northern District of California.  *See id*. at 476 ("in consideration of the fact that neither party operates nor has facilities, offices, or employees in Delaware, the court finds that the practical considerations of efficiency, expense, and ease favor transfer."); *Linex*, 2013 U.S. Dist. LEXIS 1924, at *22 ("there is little reason to believe a California-based firm actually reduces its costs of litigating in this district merely by incorporating in Delaware.").

Accordingly, this factor favors transfer.

### 2. Court Congestion in Delaware Favors Transfer

"[T]he relative administrative difficulty in the two fora resulting from court congestion" favors transfer here. *See Jumara*, 55 F.3d at 879. Recently, this was cited as a reason to transfer a case to the Northern District of California. *See Mec Resources, LLC v. Apple, Inc.*, C.A. No. 17-223 (MAK), 2017 U.S. Dist. LEXIS 149671, at *12-*14 (D. Del. Sept. 15, 2017) ("this District is now reduced to two active district court judges with judges from other busy districts sitting as visiting judges to help address the busy docket until new district court judges are sworn. The Northern District of California has a full bench of talented district court judges experienced in patent litigation. … Given the limited resources, we find it difficult to justly allocate judicial resources in this District to resolve a dispute between California and North Dakota citizens where there is no connection here other than Apple's single retail location."). This factor favors transfer to the Northern District of California.

### 3. The Northern District of California Has a Strong Local Interest in This Case

Courts also consider any "local interest in deciding local controversies at home." *See Jumara*, 55 F.3d at 879. Although patent infringement actions are generally national rather than local controversies, "if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *See OpenTV*, 2014 U.S. Dist. LEXIS 43123, at *12.

The Northern District of California has a significant interest in this dispute because: (1) Google headquarters ▬▬▬▬▬▬▬▬▬▬ and (2) ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬  *See* King Decl. ¶¶ 2, 5, 6, 8; *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (proposed transferee district's

13

"local interest in this case remains strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community."). ███████████████████████████████ ███████████████ see King Decl. ¶ 11, and Delaware has little connection to the events that gave rise to this suit.

Accordingly, this factor weighs strongly in favor of transfer.

## VI.   CONCLUSION

In view of the private and public interest factors collectively weighing strongly in favor of the Northern District of California, Google respectfully requests that the Court grant this motion and transfer this case to the Northern District of California.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

|  |  |
|---|---|
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
|  | Brian P. Egan (#6227) |
| Jeannine Yoo Sano | 1201 North Market Street |
| Eric Krause | P.O. Box 1347 |
| WHITE & CASE LLP | Wilmington, DE 19899 |
| 3000 El Camino Real | (302) 658-9200 |
| Building 5 – 9th Floor | jblumenfeld@mnat.com |
| Palo Alto, CA 94306 | began@mnat.com |
| (650) 213-0356 |  |
|  | *Attorneys for Defendant* |
| Jason Xu |  |
| WHITE & CASE LLP |  |
| 701 Thirteenth Street NW |  |
| Washington, DC 20005 |  |
| (202) 626-6496 |  |
|  |  |
| Leon Miniovich |  |
| WHITE & CASE LLP |  |
| 1221 Avenue of the Americas |  |
| New York, NY 10020 |  |
| (212) 819-7923 |  |

February 9, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 16, 2018, upon the following at the email addresses indicated below:

| | |
|---|---|
| Brian E. Farnan, Esquire, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Victor G. Hardy, Esquire<br>William Parrish, Esquire<br>Minghui Yang, Esquire<br>HARDY, PARISH, YANG, LLP<br>Spicewood Business Center<br>4412 Spicewood Springs Road, Suite 202<br>Austin, TX 78759<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Brian P. Egan*
_____
Brian P. Egan (#6227)