# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

(302) 658-9200
(302) 658-3989 FAX

Jack B. Blumenfeld
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@mnat.com

July 30, 2018

The Honorable Christopher J. Burke                  *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    *Personal Audio, LLC v. Google Inc.*
              C.A. No. 17-1751 (VAC) (CJB)

Dear Judge Burke:

      We write regarding Google's July 26 request for guidance regarding how the parties might best address a claim construction issue that only recently became crystallized, and in response to Personal Audio's July 27 letter on the same subject.

      As an initial matter, Google did not suggest that the substance of the new claim construction dispute needs to be addressed at the *Markman* hearing currently scheduled for August 1.  Google merely indicated that it would be prepared to discuss an appropriate procedure for handling the dispute at the *Markman* hearing or at any other time convenient for the Court.

      Moreover, Personal Audio's argument that Google was previously on notice of the relevant claim construction dispute is misplaced.  Personal Audio's Amended Complaint refers to servers only in connection with stating a theory of indirect infringement, not direct infringement.  And Personal Audio's infringement contentions: (1) made it clear that the Accused Device/Product was different from servers; and (2) did not make it clear that Personal Audio would point to actions taken ***by the non-accused server*** to attempt to demonstrate direct infringement.  For example, Exhibit A to Personal Audio's letter focuses on the user of the Accused Device selecting songs.  It describes "compressed audio program files ***downloaded from*** said one or more server computers" ***by the Accused Device***, said files having the characteristic of being "available from the one or more Google Play music server computers." Ex. A (D.I. 54-7 at 154; D.I. 54-3 at 158.) Exhibit B focuses on "The Accused Device's keyboard [accepting] account information from the listener," which is then "***transmitted by the Accused Product*** to one or more server computers."  Ex. B (D.I. 54-7 at 318-319; D.I. 54-3 at 329-330.)  And Exhibit C refers to songs which "are ***downloaded from*** Google Play Music servers" ***by the Accused Device***.

The Honorable Christopher J. Burke
July 30, 2018
Page 2

      Personal Audio's new requests for server side source code reflect an infringement theory that requires actions to be taken by the server. And that infringement theory, in turn, reveals a new claim construction dispute -- namely, the indefiniteness of dependent claims 10, 11, 12, and 18-21 of the '178 patent -- that should be considered by the Court pursuant to an appropriate schedule.

      Respectfully,

      */s/ Jack B. Blumenfeld*

      Jack B. Blumenfeld (#1014)

JBB/dlw
cc:    All Counsel of Record (Via Electronic Mail)