# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONAL AUDIO, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 17-1751-CFC-CJB |
| GOOGLE LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington, Delaware this 20th day of September, 2018.

**WHEREAS**, Defendant Google LLC ("Defendant" or "Google") has moved for relief against Plaintiff Personal Audio, LLC ("Plaintiff" or "PA") regarding two discovery disputes, (D.I. 221),[1] and the Court[2] has considered the parties' letter briefs, (D.I. 225, 229), and heard argument on September 17, 2018;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. With regard to Google's request that PA produce all documents responsive to Google's Request for Production No. 56 that are not covered by the attorney-client privilege (and to log any responsive documents that are purportedly covered by that privilege), including documents and correspondence regarding licensing the patents-in-suit, settling litigation related to the patents-in-suit, and other legal or financial interests in the patents-in-suit, (D.I. 225 at 1, 3),

---

[1] The parties filed a joint motion seeking resolution of discovery disputes, because in addition to the two disputes pressed by Google, PA seeks adjudication of six other disputes. (D.I. 221) The Court will address PA's disputes in a forthcoming order/orders.

[2] This case has been referred to the Court to hear and resolve all pretrial matters, up to and including the resolution of case-dispositive motions. (Docket Items, December 13, 2017 and September 10, 2018)

the Court ORDERS that by no later than **September 27, 2018**, PA shall submit a declaration supporting its arguments that "[i]t would be extremely burdensome for PA to have to search for and produce all the documents requested[,]" (D.I. 229 at 2). Following receipt of such a declaration, the Court will rule on Google's request. While the Court views the sought-after documents as being likely "relevant to [Google's] defense[,]" especially with regard to damages-related issues, the request is an extremely broad one, and it seems very possible that "the burden or expense of [some or all of] the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). PA has already produced all of its executed license agreements. (D.I. 229 at 1) Assuming that PA's declaration supports the statements made in its discovery letter as to burden and expense issues, the Court is currently inclined to deny this request without prejudice to Google's ability to craft a more narrowly tailored one that, for example, identifies specific draft agreement(s)/related correspondence that might be *particularly* relevant to a *known, disputed* issue regarding damages (such as a dispute about the scope of a particular licensing agreement).

2. With regard to Google's request that PA provide full substantive responses to Google's Interrogatories Nos. 6 and 7 based on the information currently in PA's possession, (D.I. 225 at 3), the Court GRANTS-IN-PART the request as follows. The portion of Interrogatory No. 6 seeking PA's "total amount of damages sought" and the portion of Interrogatory No. 7 requesting PA's "computation of damages" seem more like requests for PA's final damages calculation, an issue that is more properly the subject of damages expert reports. Thus, at this time, PA need not provide an actual final calculation of damages in response to these portions of the interrogatories. *See, e.g., In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, Civ. No. 09-MD-2118-SLR, 2013 WL 12291705, at *1 (D. Del. Oct. 22, 2013) (noting, in the context of a discovery dispute regarding the sufficiency of

2

plaintiffs' responses to defendants' damages contention interrogatories, that "the final calculation of damages is properly the subject of expert opinion"); *see also* (Tr. at 24 (Google's counsel acknowledging that sufficient responses to these interrogatories would include "facts and information about damages [but] [i]t doesn't have to be the calculation")).

3. With respect to the remainder of these two interrogatories, however, they seek: (1) certain information about PA's damages contentions; (2) factual information; and (3) identification of documents currently known to PA. (D.I. 225 at 3) Google is entitled to such damages-related information at this stage of the case. *See, e.g., GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*, Civil Action No. 14-878-LPS-CJB, D.I. 101 at 1-2 (D. Del. Jan. 28, 2016) (granting a motion to compel a supplemental response to defendant's interrogatory relating to plaintiff's claim for lost profits damages, and requiring that the response "shall amount to a meaningful articulation of the bases for [plaintiff's] contention that it is entitled to such damages" and include "a narrative explanation as to how the information contained in [certain documents referenced in a supplemental response to the interrogatory] shed light on [plaintiff's] contention that it is entitled to lost profits damages"); *THX, Ltd. v. Apple, Inc.*, Case No. 13-cv-01161-HSG (DMR), 2016 WL 2899506, at *8 (N.D. Cal. May 13, 2016) (requiring plaintiff to supplement its responses to defendant's damages-related interrogatory "to the best of its ability with the information currently available to it, subject to later supplementation based on additional information obtained through discovery"); *Mobile Storage Tech., Inc. v. Fujitsu Ltd.*, No. C 09-03342 JF (PVT), 2010 WL 1292545, at *1 (N.D. Cal. Mar. 31, 2010) ("Even without an actual calculation of damages and an exact determination of the applicable royalty rate, plaintiff [] shall provide the factual basis for its damages claim [in response to defendant's interrogatory], the identification of all facts to support its damages theories, and any factual

information underlying the *Georgia-Pacific* factors."). PA shall serve supplemental substantive responses to Google's Interrogatories Nos. 6 and 7 by no later than **September 27, 2018**. In doing so, it may certainly note that some or all of the information provided is subject to change, were PA to later receive damages-related discovery from Google that requires supplementation of PA's answers.

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

4