IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1751-CFC-CJB |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

At Wilmington, Delaware this **15th day of November, 2018**.

**WHEREAS**, in connection with Plaintiff Personal Audio, LLC ("Plaintiff" or "PA") and Defendant Google LLC's ("Defendant" or "Google") discovery dispute regarding PA's final infringement contentions, (*see* D.I. 251 at 6-7), the Court[1] has considered the parties' supplemental letter briefs, (D.I. 257, 274);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1.  With respect to this dispute, PA had requested that the Court rule that its infringement contentions are sufficient and that discovery is not being withheld on this basis, (D.I. 226 at 4), while Google had initially requested that PA be compelled to provide supplemental infringement contentions for each of the accused devices that "[1] specifically identify the accused hardware components, [2] the basis for any contention of 'compatibility' with [Google Play Music], [3] the basis for any contention that the device is not already licensed, and [4] the basis for any contention that the device was available in or exported from the United

---

[1]   This case has been referred to the Court to hear and resolve all pre-trial matters, up to and including the resolution of case-dispositive motions. (Docket Items, December 13, 2017 and September 10, 2018)

States prior to October 2, 2016 (the expiration date of the asserted patents)[,]" (D.I. 230 at 4). The Court reserved a ruling on the issue and required Google to submit additional information with respect to its request. (D.I. 251 at 7)

2. In its letter responsive to the Court's order, Google has narrowed its request to [1] and [2] above—i.e., it now requests that PA be compelled to provide supplemental infringement contentions for each of the accused products that: (1) identifies with specificity the hardware components of each accused device that PA alleges meets the limitations of the asserted patent claims; and (2) identifies the basis for PA's contention that each accused device is "compatible" with Google Play Music. (D.I. 257 at 1)

3. PA's final infringement contentions include three sets of charts and a list of 2,022 accused devices. (D.I. 257 at 2 & exs. A-C) Two sets of charts relate to specific accused products (the Google Pixel C and the BLU Life XL) and the third set of charts relates to "'software that operates on a hardware device including but not limited to smartphones, computers, tablets, and/or player devices.'" (D.I. 257, exs. A-C) At present, then, there remain 2,020 devices that have been accused of infringement by PA but which have not been charted. (*Id.*, exs. A-D)

4. The law requires that a plaintiff in a patent infringement case produce to the defendant a claim chart that relates "*each* accused product to the asserted claims *each* product allegedly infringes." Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (hereinafter, "Default Standard"), at ¶ 4(c) (emphasis added); *see also, e.g., Wi-Lan Inc. v. Vizio, Inc.*, C.A. No. 15-cv-788, 2018 WL 669730, at *1 (D. Del. Jan. 26, 2018) (contentions that demonstrated how "each limitation of each claim element for all asserted claims is met by each accused product [were] sufficient to provide Defendants notice of

Plaintiff's infringement theories"); *Tech. Props. Ltd. LLC v. Samsung Elecs. Co., Ltd.*, 114 F. Supp. 3d 842, 852 (N.D. Cal. 2015) (explaining that plaintiff's infringement contentions "must identify specifically where each limitation of each asserted claim is found within each accused instrumentality"). PA's infringement contentions for the other 2,020 products do not sufficiently demonstrate how the hardware components found in the accused devices map onto the asserted claims. (*See* D.I. 257 at 2 (citing *id.*, ex. A at 48; *id.*, ex. B at 56-57; *id.*, ex. C at 3)) Nor has PA sufficiently identified the basis for its contention that each accused but uncharted device is "compatible" with Google Play Music. (*See id.* at 6)[2]

5.  If PA wants to accuse 2,022 devices of infringement, Google is entitled to adequate notice of PA's infringement contentions with respect to each device. The law does not include an exception for a patentee that chooses to accuse a large amount of products of infringement. *See, e.g., Geovector Corp. v. Samsung Elecs. Co. Ltd.*, Case No. 16-cv-02463-WHO, 2017 WL 76950, at *4-5 (N.D. Cal. Jan. 9, 2017) (finding infringement contentions to be deficient where, *inter alia*, the plaintiff attempted to use a single chart for each patent to chart claims against hundreds of products, did not offer any analysis as to why such products could be charted representatively, and explained that each infringing product has a computer and listed the computer processors "for some, but not all, of the accused products"); *Rapid Completions LLC v. Baker Hughes Inc.*, CIVIL ACTION NO. 6:15-CV-724, 2016 WL 3407688, at *1 & *7 n.2 (E.D. Tex. June 21, 2016) (noting that "the large scope of accused products does not excuse a plaintiff from compliance" with the local rule requiring a plaintiff asserting infringement to provide defendants with infringement contentions that identify specifically "where each element of each

---

[2] PA has sufficiently explained this for the two specific devices that it provided charts for, Google Pixel C and BLU Life XL. (D.I. 257 at 6)

asserted claim is found within each Accused Instrumentality") (internal quotation marks and citation omitted).

6.  All that said, it is true that it will take robust effort on PA's part to sufficiently chart over two thousand products. The Court suspects that it is likely that certain subsets of the 2,022 accused products share significant similarities, such that in the future, PA might be able to sufficiently articulate how certain of those accused products are truly representative of others. If PA could do so, then it may be able to provide less than 2,022 claim charts (i.e., by providing "representative" claim charts that apply to multiple similar products), while still giving Google adequate notice of its infringement contentions. However, at this point, PA has not made a sufficient showing of "representativeness."

7.  The Court thus DENIES PA's request and GRANTS Google's request with respect to PA's final infringement contentions. Accordingly, PA shall submit to Google supplemental final infringement contentions that: (1) provide, for each of the 2,020 accused devices at issue, a list of the hardware components that PA contends meets the hardware limitations of the asserted claims;[3] and (2) provide, for each of these accused devices, the basis for PA's contention that such devices are "compatible" with Google Play Music. If PA wishes, it may do so in the formats suggested by Google. (*See* D.I. 257 at 5, 6) By no later than

---

[3]   Google also requests that PA be ordered to provide, for each accused device, the *manufacturer* of each hardware component that it contends meets the hardware limitations of the asserted claims. (D.I. 257 at 4) Google seeks this information so that it can determine whether an accused device is subject to one or more of PA's licenses to the asserted patents. (*Id.* at 3-4) To show *infringement*, however, PA need only show that a device includes the relevant hardware components; the claims do not require PA to prove that the relevant hardware components are manufactured by particular entities. While the manufacturers of such components are surely relevant to Google's licensing defense, the Court is not persuaded that it must require PA to provide information related to manufacturers in order for PA's infringement contentions to provide adequate notice of PA's infringement theories.

**November 21, 2018**, the parties shall: (1) meet and confer regarding a deadline by which PA shall provide its supplemental final infringement contentions; and (2) submit a joint letter to the Court advising of the agreed-upon deadline.

8. Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the document. Any such redacted version shall be submitted by not later than **November 20, 2018** for review by the Court, along with a motion for redaction that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted). The Court will subsequently issue a publicly-available version of its Memorandum Order.

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE