**Morris, Nichols, Arsht & Tunnell LLP**

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

(302) 658-9200
(302) 658-3989 FAX

Brian P. Egan
(302) 351-9454
began@mnat.com

Original Filing Date: February 22, 2019
Redacted Filing Date: March 1, 2019

The Honorable Christopher J. Burke                     *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware                              REDACTED - PUBLIC VERSION
844 North King Street
Wilmington, DE 19801

      Re:    *Personal Audio, LLC v. Google LLC,* C.A. No. 17-1751 (CFC) (CJB)

Dear Judge Burke:

    Google respectfully submits this letter in response to PA's motion to strike certain witnesses from Google's December 14, 2018 supplemental disclosures.  PA's motion should be denied, as none of the *Pennypack* factors supports striking Google's disclosures, especially in view of the particular facts, circumstances, and equities of the situation presented here.

    **I.**    **The *Pennypack* Standard**

    In considering whether to exclude a party's disclosure(s) or testimony, courts in the Third Circuit consider: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's [scheduling] order."  *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977), *overruled on other grounds*, *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985).  Notably, PA fails to address any of these "*Pennypack* factors" in its brief, which alone can "doom [a] Rule 26 motion."  *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, No. CV 11-515-LPS-CJB, 2015 WL 12806484, at *6 (D. Del. Sept. 25, 2015); *see also Novartis Pharm. Corp. v. Actavis, Inc.*, No. CV 12-366-RGA-CJB, 2013 WL 7045056, at *7 (D. Del. Dec. 23, 2013) (noting the Third Circuit "has directed district courts to weigh certain factors, known as 'the *Pennypack* factors'" when considering whether to exclude an untimely disclosure of a Rule 26 witness).  In dismissing *Pennypack* as "an old third circuit case" with "quite different" facts (Mot. 2), PA wholly fails to apply the relevant legal standard.[1]

    Further, "courts favor the resolution of disputes on their merits."  *Abbott Labs. v. Lupin Ltd.*, No. CIV.A. 09-152-LPS, 2011 WL 1897322, at *5 (D. Del. May 19, 2011).  The "exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of

---

[1]  Instead, PA appears to rely exclusively on out-of-circuit caselaw.

The Honorable Christopher J. Burke							February 22, 2019

willful deception or 'flagrant disregard' of a court order." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791–92 (3d Cir. 1994). Accordingly, even where a formal supplementation of initial disclosures is untimely and "the additional or corrective information has not otherwise been made known to the other parties," the initial failure to "identify a witness" pursuant to Federal Rule of Civil Procedure 26(e) should be excused if harmless. Fed. R. Civ. P. 37(c)(1).

As described below, Google's supplement to its disclosures is harmless – each and every *Pennypack* factor weighs against the granting of PA's motion.

> II.   **The *Pennypack* Factors Weigh Against Striking The Witnesses Identified In Google's Supplemental Disclosures**

*First Factor:*   PA all but expressly concedes that it was not "surprise[d] in fact" by Google's identification of the witnesses at issue. Among the witnesses identified were the manufacturers and sellers of the third-party devices that PA elected to accuse of direct infringement in this case.[2] Also identified were the two PA licensees – ▮▮▮▮▮▮▮▮ – most directly relevant to the parties' dispute regarding whether the vast majority of accused devices are already licensed under the patents-in-suit. Not only was this issue raised in Google's Amended Answer (as noted by PA (Mot. 1)), this issue has played a central role in ongoing discovery and has been the subject of multiple rounds of discovery briefing to date. (*See* D.I. 225, 230, 319.) The remaining witnesses identified were nine prior artists associated with: (i) the references that the Federal Circuit relied on in its August 1, 2018 opinion affirming the invalidity of several claims of the patents-in-suit (references that PA has been well aware of for years) (*see, e.g.*, D.I. 23, 62, 202); and (ii) systems that were not only identified in Google's invalidity contentions but were also the subject of extensive document discovery.[3]

*Second Factor:*   Regardless, there simply is no prejudice resulting from Google's supplementation of its disclosures to include these already well-known witnesses on December 14, 2018. PA's motion hinges on its repeated contention that December 14 was "the last day of discovery." (Mot. 1.) Yet as of that same date, PA itself had not yet served its final infringement contentions, had not yet served the bulk of its ESI, had not yet served its privilege log, and had not yet presented a single PA witness for deposition. Indeed, PA made its first production of ESI on "the last day of discovery."[4] (D.I. 322, at 1.) Moreover, the Court has

---

[2]   Google did not even receive PA's "final" list of such accused devices until after the close of fact discovery, when PA served its final infringement contentions on December 21, 2018. Having been ordered to supplement its infringement contentions (D.I. 290), PA was forced to drop dozens of non-infringing devices from the case at that time (*compare* Ex. A *with* Ex. B). PA's argument that Google should have "disclosed" the manufacturers and sellers of accused devices before PA even served its final contentions identifying those devices is nonsensical.

[3]   As just one example, on October 5, 2018, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[4]   The parties agreed that all ESI would be served a week before the start of depositions. (Ex. C.) In early November, PA said: "we are confident we can complete the process in the same 3-4 week window Google needs for its own ESI." (Ex. D.) Pursuant to the parties' agreement, Google produced its ESI on November 26 and 28, a week prior to PA's first deposition of a

since ordered an additional two depositions of Google witnesses, which likely will not take place until the end of March. In other words, although December 14 had once been a deadline for the close of fact discovery, that deadline has already been extended for nearly every conceivable purpose. And Google has repeatedly made clear to PA that it would stipulate to an extension of that deadline for the additional purpose of allowing PA to conduct discovery of the third parties that Google included in its supplemental disclosure. (*E.g.*, PA Ex. 2.) Accordingly, the only prejudice that PA identifies in its motion – that PA was "deprived . . . of its ability to conduct any discovery whatsoever regarding any relevant information these witnesses may possess" (Mot. 3) – is simply non-existent. *See Novartis Pharm. Corp.*, 2013 WL 7045056, at *10-11 (ability to cure a late disclosure through an additional deposition "weighs against a grant of the Motion to Strike"); *W.L. Gore & Assocs., Inc.*, 2015 WL 12806484, at *6 (refusing to strike supplemental disclosure where prejudice was curable because moving party had opportunity to fully depose expert).

***Third Factor:*** Denying PA's motion to strike and extending the time for PA to conduct discovery of the witnesses included in Google's December disclosure would have no impact on the orderly and efficient trial of this case. Not only has no trial date been set but – at the request of both parties – all expert discovery and other deadlines have been vacated pending the issuance of additional rulings regarding claim construction.[5] (D.I. 325; 1/16/2019 Court Order.) When the parties meet and confer to "submit a revised proposed Scheduling Order . . ." after the issuance of those rulings (1/16/2019 Court Order), the parties can work to propose a schedule that ensures that PA has a reasonable time to complete any additional discovery it elects to take from the witnesses included in Google's December disclosure.

***Fourth Factor:*** Finally, PA does not assert that Google has engaged in any bad faith conduct or has exhibited any willfulness in failing to comply with a scheduling order. To the contrary, even if Google's supplementation of its disclosures with known witnesses were to be considered untimely under Rule 26, such an untimely supplementation is not sufficient to find bad faith. *See Withrow v. Spears*, 967 F. Supp. 2d 982, 1006 (D. Del. 2013) (noting that a party's actions amounting to a "[l]ack of diligence" is insufficient to find willfulness or bad faith); *accord Holbrook v. Woodham*, No. CIV.A. 3:05-304, 2008 WL 544719, at *3 (W.D. Pa.

---

Google witness. (Ex. E.) PA did not serve any ESI until December 14, 2018. PA then produced the bulk of its ESI on January 28, 2019 (less than 48 hours before relevant depositions of PA witnesses), despite the fact that PA never sought an extension of time to complete that production. (Ex. F.) PA still has not confirmed that its production of ESI is complete. (*See* Exs. F, G.) Where PA has already caused a lengthy extension of fact discovery because of its own late disclosures – both on and after December 14 – its generalized complaints about the "unfairness" of continuing fact discovery can and should be readily dismissed.

[5] This fact separates this case from the Ninth Circuit cases cited by PA. *See, e.g.*, *Finjan, Inc. v. Proofpoint, Inc.*, No. 3:13-cv-05808-HSG (HRL), 2015 WL 9900617, *3 (N.D. Cal. Oct. 26, 2015) (cited by PA at Mot. 2) (noting plaintiff reasonably could not depose two witnesses disclosed two weeks before the expert disclosure deadline); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-06 (9th Cir. 2001) (cited by PA at Mot. 2) (affirming exclusion of expert where expert report was disclosed 28 days before trial).

The Honorable Christopher J. Burke    February 22, 2019

Feb. 28, 2008) (noting that the Third Circuit "requires what amounts to 'flagrant disregard'" of a scheduling order to support a finding of bad faith). And Google's repeated offers to cure PA's purported prejudice by agreeing that the already-extended fact discovery period can also be used by PA to conduct discovery of witnesses included in Google's December disclosure confirms the lack of any bad faith here. (*E.g.*, PA Ex. 2.)

### III. Conclusion

Not a single *Pennypack* factor weighs in favor of granting PA's motion. In light of the particular facts and circumstances here – including the reality that fact discovery is ongoing and that all expert discovery and other deadlines have already been vacated by agreement of the parties and order of the Court – PA's motion should be denied.

Respectfully,

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

cc: Clerk of Court (Via Hand Delivery)
All Counsel of Record (Via Electronic Mail)