# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **PERSONAL AUDIO, LLC,** | |
| **Plaintiff,** | Civil Action No. 17-1751-CFC-CJB |
| v. | |
| **GOOGLE LLC,** | Jury Trial Demanded |
| **Defendant.** | |

## PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S MARCH 13, 2019 REPORT AND RECOMMENDATIONS REGARDING CLAIM CONSTRUCTION

Dated: April 3, 2019

Of Counsel:

Douglas Q. Hahn
Stradling Yocca Carlson & Rauth, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Phone: 949-725-4138; Fax: 949-823-5138
Email: dhahn@sycr.com

Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
FARNAN LLP
919 North Market Street, 12th Fl.
Wilmington, DE 19801
Tel: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Victor G. Hardy (admitted *pro hac vice*)
William Parrish (admitted *pro hac vice*)
Minghui Yang (admitted *pro hac vice*)
Henning Schmidt (admitted *pro hac vice*)
R. Floyd Walker (admitted *pro hac vice*)
Hardy, Parish, Yang, LLP
Spicewood Business Center
4412 Spicewood Springs Rd.
Suite 202
Austin, Texas 78759
Telephone: (512) 520-9407
vhardy@hpylegal.com
bparrish@hpylegal.com
myang@hpylegal.com
hscmidt@hpylegal.com
fwalker@hpylegal.com

*Attorneys for Plaintiff Personal Audio, LLC*

Plaintiff Personal Audio ("PA") respectfully submits its Objections to Magistrate Judge Burke's March 13, 2019 Report (D.I. 372, "Report"), pursuant to Fed. R. Civ. P. 72 and D. Del. LR 72.1.

**I. Objection 1 – "means for continuously reproducing" ('076 patent, claims 1-3, 5, 6, 13-15)**

The parties dispute whether "continuously reproducing" merely requires reproducing a sequence once without interruption or whether it further requires (i) reproducing in an endless loop (ii) using the "R" LocType. The Report's construction including the "R" LocType is contrary to the construction proffered by Google in its IPRs and relied upon by the PTO to invalidate claims of the '076 and '178 patents and which were ***affirmed by the Federal Circuit*** during the subsequent appeal. D.I. 147-26 (Ex. Z) at 8; D.I. 147-7 (Ex. G) at 15; D.I. 147-5 (Ex. E) at 8. The Report's construction requiring a "R" LocType also is inconsistent with the prior constructions of the E.D. Tex. and *ex parte* reexamination proceedings before the PTO. D.I. 147-23 (Ex. W) at 3; D.I. 147-3 (Ex. C) at 2; D.I. 202-1 (Ex. A) at 3.

The term "continuous reproduction" is a well-established term of art that refers to continuously playing audio tracks in order of a sequence without having to press the start button repeatedly at the end of each track. D.I. 147 ¶71. It does not require reproduction in an endless loop. *Id.* ¶¶71-82; D.I. 146 at 15-16. The Report clearly and indisputably errs by completely failing to perform the first step of the Federal Circuit mandated means-plus-function analysis of identifying the explicitly recited function. *Micro Chem. v. Great Plains Chem. Co.*, 194 F.3d 1250, 1258 (Fed. Cir. 1999) ("***After identifying the function of the means-plus-function element***, [the] court looks to the written description to identify the structure ***corresponding to that function***."). Because of the failure to conduct step one of the analysis, the Report erroneously incorporated extraneous structure including the endless loop and "R" LocType not necessary to the performance of the explicitly recited function into the corresponding structure. Had the Report actually construed the explicitly recited function, it would have determined that the claimed function only requires playing the sequence once without the need of control commands and does not specify playback in a loop. As such, the "R" LocType and other

1

elements for implementing an endless loop are not corresponding structure necessary to perform the explicit function and should not have been incorporated as limitations.

| Personal Audio's Proposed Construction | The Court's Construction |
|---|---|
| 1. beginning playback with the program segment identified by the ProgramID contained in the Selection_Record specified by the CurrentPlay variable;<br><br>2. when the currently playing program segment concludes, incrementing the CurrentPlay variable by one and fetching and playing the program segment identified by the ProgramID contained in the next Selection_Record in the sequencing file;<br><br>3. repeating step (2) until a command is issued or that the sequence is completed. | 1. beginning playback with the program segment identified by the ProgramID contained in the Selection_Record specified by the CurrentPlay variable;<br><br>2. when the currently playing program concludes, incrementing the CurrentPlay variable by one and fetching and playing the program segment identified by the ProgramID contained in the next Selection_Record in the sequencing file;<br><br>3. repeating step (2) **until a rewind Selection_Record (LocType: R) in the sequencing file is reached, which resets the CurrentPlay variable to the location value contained in the rewind Selection_Record which is set to "1"** to begin the playing sequence again with the first Selection_Record in the sequencing file. |

### A. Technological Overview

As previously found by the E.D. Tex. and the PTO and agreed by the parties, Figure 3, including items 235, 237, 239 and 261, provides the algorithm for the "continuously reproducing" function. D.I. 146 at 13, D.I. 147 ¶86, D.I. 372 at 5. For each segment in the sequence, step 235 "continues playback" and step 237 determines if a new segment has started ("Segment Start"). D.I. 146 at 13-15, 18; D.I. 147 ¶85. Step 239 is labeled "Handle New Segment" and retrieves the next new segment in the sequence and plays through the entire sequence until all program segments of the sequence are played in order. *Id*. The sequence of



program segments played by this algorithm is determined by the specific sequence of the sequencing file used for playback. If at any time a command is received at item 261 (marked "Command?"), the algorithm proceeds to the branch logic of item 262 to determine the type of

2

command received and responds accordingly. D.I. 147 ¶86. However, if no command is received ("the absence of a control command"), the algorithm returns to 235 and continues playback. *Id.*

"Continuously reproducing" refers to repeating step 235 in the absence of a control command. D.I. 146 at 14-17; D.I. 147 ¶¶86, 88. Importantly, nothing about this algorithm by itself requires playback in an endless loop or use of a "R" LocType. D.I. 177 ¶¶51-58; D.I. 147 ¶¶95-96. Rather, the above algorithm will simply continuously play an entire sequence specified by a sequencing file without the need of a control command. D.I. 177 ¶¶56-57; D.I. 176 at 10. The patent specification, however, notes that one may configure a sequence in a sequencing file using a "R" LocType, a "L" LocType, or other structure to implement an endless loop if one chooses to do so, but explicitly discloses sequencing files that do not do so. D.I. 176 at 10; D.I. 177 ¶56; '178 patent 35:29-36:9, 4:27-33. Compare Fig. 5 with Fig. 7:



In Fig. 5, the "R" LocType is placed at the end of the sequence so that, when the continuous replay algorithm reaches the last selection record indicating the "R" LocType, the "R" LocType resets the current playback variable to 1, which resets the playback position to the beginning of the sequence. D.I. 147 ¶¶95-96. The continuous playback algorithm operating on this sequencing file will play the sequence in an endless loop. *Id.*

By contrast, in the other sequencing file embodiment of Fig. 7, the sequence of the file

3

does not conclude with a "R" LocType or specify a loop. D.I. 177 ¶56. Since the sequencing file does not have a "R" LocType at the end of the sequence, the continuous playback algorithm will not return to the beginning of the sequence when it reaches the last selection record. D.I. 147 ¶¶71, 84-86, 88-89, 95-96. Since there are no "next program segments in the program sequence" (*Id*.) to play, playback terminates at the last selection record. In this case, the "continuous playback" algorithm will play through the entire sequence only once without looping.

Critically, the patent clearly states the particular configuration of Fig. 5 using a "R" LocType is only "illustrative." D.I. 177 ¶56 (*citing* '178 patent, 34:15). The configuration of Fig. 7 without an endless loop is an equally valid sequence that may also be continuously reproduced. *Id*. Importantly, both sequencing files with and without the "R" LocType will play the sequence in order at least once absent a control command, regardless of whether the sequencing file contains a "R" LocType or not. *Id*. ¶¶56-57.

### B. The Report Erred by Failing to Properly Construe the Recited Function and Incorporated Structure Unnecessary to the Explicitly Recited Function

#### 1. The Parties Agree the Term at Issue is a Means-Plus-Function that

The parties agree that "means for continuously reproducing" is a means-plus-function limitation governed by 35 U.S.C. § 112, ¶6. "§ 112, ¶6 requires both [(1)] identification of the claimed function and [(2)] identification of the structure in the written description necessary to perform that function." *Micro Chem.*, 194 F.3d at 1257-58. "*After* identifying the function of the means-plus-function element, [the] court looks to the written description to identify the structure *corresponding to that function*." *Id*. at 1258. "The statute *does not permit limitation* of a means-plus-function claim by adopting a function *different from that explicitly recited* in the claim. Nor does the statute permit incorporation of structure from the written description *beyond that necessary to perform the recited claim function*." *Id*.

#### 2. The Report Erred by Failing to Perform the First Step of the Analysis of Determining the Explicitly Recited Function

On page 10, the Report clearly errs by identifying a corresponding structure in the specification without ever having identified or construed the recited function. Rather than construing the recited function and *then* locating the *necessar*y structure corresponding to the

4

explicitly recited function as required under the means-plus-function analysis, the Report skips the required step of construing the function altogether and instead goes straight to the specification to find an embodiment that reproduces program segments in a loop. The Report reasons that since that embodiment has a loop, the claims must also require a loop:

> In the Court's view, PA's various arguments are insufficient to supplant *what the intrinsic record discloses as the corresponding structure for this function.* What is clearly lacking from PA's assertion is a description of where in the specification the patent talks about performing this function is some alternative way. Google correctly notes that "this is a means-plus-function term, so PA's claims must be limited to the algorithms in the specification. PA has pointed to no algorithm other than the one that requires an endless loop. The intrinsic evidence, described above, "trumps any extrinsic evidence, including dictionary definitions, that must contradict it."

D.I. 372 at 8. First, the Report is wrong about the patent not identifying alternative embodiments where continuous playback can be performed without an endless loop or "R" LocType. PA indisputably pointed out that the continuous playback algorithm when acting on the sequencing file of Fig. 7 performed continuous reproduction without an endless loop or "R" LocType. D.I. 176 at 10-11; D.I. 177 ¶56; '178 patent 34:15, 35:29-36:9, 4:27-33.

More importantly, the Report never attempts to identify what the explicitly recited function requires and *then* locate the structure corresponding to that function. Rather, it erroneously assumes that, since a disclosed embodiment plays in an endless loop, the corresponding structure must also play in an endless loop. This analysis fails to consider (and construe) the explicitly recited claim language and fails to inquire into what aspects of the disclosed embodiment represent <u>necessary corresponding structure to this recited function</u>, as required by controlling Federal Circuit precedent.

### 3. The Explicitly Recited Function Merely Requires Playing the Sequence Once and Does not Require a Loop or "R" LocType

Had the Report actually construed the recited function, the evidence would have led it to conclude "continuously reproducing" merely requires playing the sequence once without a loop or "R" LocType. The explicit language of the claimed function is "means for continuously reproducing [the] program segments *in the order established by said sequence*." The ordinary and plain meaning of this language does not mention or require an endless loop, much less a specific loop using the "R" LocType. D.I. 146 at 16-17. It merely requires "continuously

5

reproducing" (i.e., playback in succession) "in the order established by said sequence." *Id*.

The understanding of this language comports with the usage of this term in the art. PA provided no less than six contemporaneous definitions, examples of usage by products, and patent publications all showing that "continuous reproduction" or "continuous replay" means reproducing programs absent a command and does not mean reproducing programs in a loop. D.I. 146 at 15-16; D.I. 147 ¶¶69-83. Each of the definitions, including for example SoundCloud, supports continuous play defined as playing the next track or playlist at the conclusion of the currently playing track or playlist only without further reproduction in an endless loop:

> **Continuous play**
>
> Once your track or playlist finishes, you'll continue your listening experience with the next track or playlist on your Stream or profile. If you are listening to a track or playlist on their individual page, a recommended track will start playing afterwards.

*Id*. ¶72. Similarly, the Apple "Final Cut Pro X" (a media player) uses the "continuous playback" functionality to play programs in a sequence without interruption or stopping at the end of each program in the sequence without a loop. *Id*. ¶73. It separately uses the term "looping" to describe playing clips in a loop--further showing "continuous playback" and endless "looping" are two separate functionalities. *Id*. Other products, such as the Hitachi DZMV350E video camera, also describe continuous playback as playing programs in sequence once without a loop. *Id*. ¶75. The contemporaneous patents cited by Personal Audio similarly describe continuous playback only as playing songs in sequence. *Id*. ¶¶76-78. The 2009/0088877 Pat. Appl. specifically describes ending continuous playback when the player has not receive additional music and separately discloses a loop playback mode. *Id*. ¶76. All of this is direct intrinsic and extrinsic evidence that the term "continuously reproducing" does not require a loop. Indeed,'076 claims 1 and 4 further show the distinction between continuously reproducing and looping. Claim 1 recites:

> ***means for continuously reproducing*** said program segments ***in the order established by said sequence in the absence of a control command***.

whereas claim 4 separately recites an endless circular sequence (i.e., an endless loop):

> 4. A player as set forth in claim 1 wherein said sequence established by said data ***forms an endless circular sequence of program segments***.

6

The separate recital of an endless circular sequence in claim 4 shows reproduction and looping are separate functions. *Id.* ¶82; D.I. 146 at 16. Further, "reproducing… in the order established by said sequence" means reproducing programs in the sequence order. An endless loop departs from the sequence and therefore cannot reproduce in the sequence order. D.I. 146 at 16-17.

Defendant do not cite any evidence contradicting any of the definitions or art, nor does it present any countervailing arguments to the explicit language of the claims. Rather, it erroneously argues the claims require the additional limitations of an endless loop merely because allegedly the only disclosed embodiment uses it. D.I. 159 at 23-26. The Report notes the evidence provided by PA but never passes on the construction of the term "continuously reproducing." D.I. 372 at 7-8. Rather it adopts Defendant's erroneous argument that since this disclosed embodiment "loops" then this must be a limitation to the claims. *Id*. at 6, 10-11 (citing the specification only). This, however, is clear error in view of the Federal Circuit's guidance to *first* construe the claimed function and *then* only include as corresponding structure those aspects that are *necessary* to perform the recited function. *Micro Chem.*, 194 F.3d at 1257-58. Even if the specification did only disclose a continuous playback algorithm with an endless loop—which indisputably is not true—it does not follow that the loop is "necessary" to perform the function. *Id.*, D.I. 146 at 21-22. One can "continue[] the reproduction" of a file by merely advancing to another segment in the sequence without repeating the sequence in a loop— showing that continuously reproducing merely means playing a successive file rather than repeating the whole sequence in a loop. D.I. 176 at 10. This interpretation is confirmed by the "continue playback" description of step 235 in Fig. 3 which states that "continue playback" is performed merely by advancing to the next segment in the sequence irrespective of whether the entire sequence repeats or not, or the presence of a loop. *Id.*; D.I. 177 ¶53. The Report's failure to construe the recited function led to an erroneous construction, as explained below.

### 4. The Report Erred in the Second Step of the Analysis by Failing to Identify Only the Corresponding Structure Necessary to Perform the Recited Function

Because the Court erroneously determined the specification discloses only a single embodiment that performs the recited function and this embodiment contained an endless loop

7

and utilizes the "R" LocType, the Report concluded the claimed algorithm must include these two elements. This conclusion is in error for two reasons.

First, the specification absolutely discloses another sequencing file embodiment that does not contain a loop or "R" Loctype that performs the specifically recited function of continuous playback. D.I. 176 at 9-11; D.I. 177 ¶¶56-57. Fig. 7 depicts a sequencing file 470 that does not contain "R" LocType. *Id*. This sequencing file configuration, if played, will meet the recited function of playing through the sequence once without a "R" LocType or an endless loop. *Id*. Fig. 7 represents a clearly disclosed embodiment (that is corresponding structure) that does not require an endless loop or "R" LocType. While PA referred to this embodiment in both its briefing and hearing presentation, the Report never considers or addresses this alternative embodiment. Moreover, the patents explicitly state that the particular configuration in Fig. 5 (using a "R" LocType) relied upon by Defendant and the Report is only "illustrative." *Id*. (*citing* '178 patent, 34:15). One skilled would understand that the particular configuration of a sequencing file may vary depending upon the desire of the listener and that the patent as a whole contemplates that one could choose to use a LocType R to implement a loop or not. *Id*.

Second, even if the only disclosed embodiment utilized a loop, neither the "R" LocType nor an endless loop is necessary to perform the explicitly recited function of "continuous reproduction." D.I. 146 at 16-17, 21-22. Under means-plus-function law, features from the disclosed embodiment cannot be read into the claimed algorithm merely because they appear in the specification – the only structural aspects that may be incorporated as corresponding structure are those that are actually ***necessary to perform*** the explicitly recited function. *Micro Chem.*, 194 F.3d at 1258. If the language of the recited function does not specify or require a loop, then the "R" LocType and endless loop are not necessary to perform the recited function. And if these elements are not necessary to perform the recited function, then these elements cannot be included in the corresponding structure. D.I. 146 at 16-17, 21-22.

***This is true even if the unnecessary steps appear in the same algorithm or structure that performs the recited function***. *Id*. In *Chiuminatta Concrete Conc., Inc. v. Cardinal Indus.*,

145 F.3d 1303 (Fed. Cir. 1998), the Federal Circuit considered whether "means… for supporting the surface of the concrete" included a skid plate alone or also additional disclosed details of the skid plate, such as a support surface. Although "the only structure disclosed for supporting the surface of the concrete is a skid plate" and the "specification… elaborates on the details of the preferred skid plate, more particularly defining the structure in ways unrelated to the recited function," the Federal Circuit held the additional disclosed elements of the skid plate were not necessary to the recited function of "supporting" and thus not part of the corresponding structure:

> The specification of the '499 patent elaborates on the details of the preferred skid plate, more particularly defining the structure in ways unrelated to the recited function. ***These additional structural aspects are not what the statute contemplates as structure corresponding to the recited function***. For example, in the preferred embodiment, the skid plate runs beyond the leading edge and continues down the entire length of the saw blade in order to reduce wobbling of the cutting blade. Additionally, the skid plate of the preferred embodiment is sized such that it helps support the weight of the saw. ***These structural aspects are thus not the means by which the saw 'supports the surface of the concrete'*** and accordingly are not to be read as limiting the scope of the means clause.

*Chiuminatta*, 145 F.3d at 1308-09. Even though the skid plate was the only structure that performed the recited "support" function, structural aspects of the skid plate that were not ***"necessary"*** to the support function were not included as corresponding structure. *Id*. Likewise, the "R" LocType for creating a loop is not a structural aspect of the algorithm that is necessary to perform the recited function. D.I. 146 at 16-17, 21-22.

Similarly in *Micro Chem.*, the specification disclosed a weighing scale with structures that sequentially and cumulatively weighed the microingredients. In construing "weighing means", "[t]he district court… limited the 'weighing means' elements [to structures and equivalents] which sequentially and cumulatively weigh the microingredients." The Federal Circuit reversed, stating that the Court erred because it limited the claim to "sequentially and cumulatively" weighing when the recited function only specified "weighing." In reversing, the Federal Circuit made clear that regardless of what ancillary features the specification discloses may be part of the structure that perform the recited function, only those specific features necessary to the explicit function as claimed may be part of the corresponding structure:

> The district court erroneously restricted the functions of these means-plus-function elements. ***Although the district court initially identified 'weighing' as the recited***

9

> *function, it then proceeded to limit that function to 'sequential and cumulative weighing'.* … **The claim, however, does not limit the function of the 'weighing means' to cumulative weighing.** Rather, the claim language identified the function of the 'weighing means' in each claim as simply weighing the microingredients… § 112, ¶6… does not permit limitation of a means-plus-function claim by adopting a function different from that explicitly recited in the claim*. **Nor does the statute permit incorporation of structure from the written description beyond that necessary to perform the claimed function. In this case, the district court erred both by incorporating structure beyond that necessary to perform the claimed functions and by incorporating unrecited functional limitations into the claims**.*

*Micro Chem.*, 194 F.3d at 1258. Likewise, the recited function here only requires continuously reproducing in the order of the sequence and not a loop. Like the erroneous inclusion of structures related to sequential and cumulative weighing in *Micro Chem.,* it is clear error to limit the claim here to only continuous playback in a loop when the function itself does not require a loop. Steps 235, 237, and 239 of Fig. 3 are sufficient to continuously play the sequence regardless of whether a "R" LocType or endless loop are present in the sequence. Thus, as the function of "continuously reproducing" may be performed without a "R" LocType or a loop, these elements are unnecessary to the recited function and may not be incorporated as structure.

### 5. Incorporation of the "R" LocType is Inconsistent with Prior Constructions and in Error

Although the Report acknowledges the "R" LocType steps are contrary to the constructions in the "*Apple* litigation and in the IPR proceeding," it does explain or cite any evidence that necessitate deviating from these constructions—including ones already affirmed by the Federal Circuit. The Report's inconsistency with the prior PTO, E.D. Tex., and Federal Circuit constructions cannot be resolved simply because different claim construction standards apply before the PTO and district courts. The same "only structure 'necessary' to the recited function" standard applies equally to District Courts and to the PTO. *See* MPEP §2181(II)(C) ("structural limitations from the written description that are unnecessary to perform the claimed function cannot be imported into the claim"). The subsidiary fact question resolved by the PTO and Federal Circuit constructions is whether the "R" LocType is necessary corresponding structure. An element is either necessary or unnecessary – there are not different degrees of necessity. Because the PTO and Federal Circuit constructions did not include the "R" LocType, clearly this element is unnecessary to the recited function and cannot be included in the structure.

| | |
|---|---|
| Dated: April 3, 2019 | Respectfully submitted, |
| Of Counsel: | FARNAN LLP |
| Douglas Q. Hahn<br>Stradling Yocca Carlson & Rauth, P.C.<br>660 Newport Center Drive, Suite 1600<br>Newport Beach, CA 92660<br>Phone: 949-725-4138<br> Fax: 949-823-5138<br>Email: dhahn@sycr.com | /s/ Brian E. Farnan<br>Brian E. Farnan (#4089)<br>Michael J. Farnan (#5165)<br>919 North Market Street, 12th Fl.<br>Wilmington, DE  19801<br>Tel:  (302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com |
| | Victor G. Hardy (admitted *pro hac vice*)<br>William Parrish (admitted *pro hac vice*)<br>Minghui Yang (admitted *pro hac vice*)<br>Henning Schmidt (admitted *pro hac vice*)<br>R. Floyd Walker (admitted *pro hac vice*)<br>Hardy Parish Yang LLP<br>4412 Spicewood Springs Rd. Suite 202<br>Austin, Texas 78759<br>Telephone: (512) 520-9407<br>vhardy@hpylegal.com<br>bparrish@hpylegal.com<br>myang@hpylegal.com |
| | *Attorneys for Plaintiff  Personal Audio, LLC* |