IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONAL AUDIO, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 17-1751-CFC-CJB |
| GOOGLE, INC., | |
| Defendant. | |

## MEMORANDUM ORDER

In this patent infringement case, Plaintiff Personal Audio, LLC filed a motion to strike certain information disclosed in Defendant Google Inc.'s Supplemental Mandatory Disclosures. D.I. 355. The motion was referred to the Magistrate Judge, who issued a memorandum order denying the motion. D.I. 375. Personal Audio has filed objections to that memorandum order. D.I. 378. Google has responded to the objections. D.I. 383.

**I.     BACKGROUND**

On April 27, 2017, Google served its Mandatory Disclosures under Federal Rule of Civil Procedure 26(a)(1), and on December 14, 2018, Google served Supplemental Mandatory Disclosures. D.I. 375 at 2. In those supplemental disclosures, Google identified "additional names of persons having knowledge of

facts relevant to the claim or defense of any party." D.I. 375 at 2 (citation and alterations omitted). Personal Audio sought to strike those "newly-identified witnesses" that fell into three categories: "(1) nine individually-named witnesses with alleged knowledge relevant to 'prior art'; (2) Samsung Electronics Co., Ltd. . . . and LG Electronics Inc. . . . which have alleged knowledge relevant to use of Samsung/LG components in the accused devices; and (3) 'all manufacturers and sellers of accused devices other than the Pixel C.'" D.I. 375 at 2 (citation and alterations omitted). The Magistrate Judge denied Personal Audio's motion to strike all three categories of witnesses. D.I. 375 at 4–7.

## II. LEGAL STANDARDS

The Magistrate Judge had the authority to issue his order under 28 U.S.C. § 636(b)(1)(A). Because his ruling is non-dispositive, it "should only be set aside if clearly erroneous or contrary to law." *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 375 (D. Del. 2010); *see also* § 636(b)(1)(A). "A finding is clearly erroneous if the determination '(1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *Leader Techs.*, 719 F. Supp. 2d at 375 (citing *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir. 1992)). "A magistrate judge's decision is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." *Smith Int'l Inc. v. Baker Hughes Inc.*, 2016 WL

6122927, at *1 (D. Del. Oct. 19, 2016) (internal quotation marks and citation omitted).

When considering whether to strike evidence relating to an untimely or otherwise improper disclosure, the Third Circuit has directed courts to weigh the five *Pennypack* factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904–05 (3d Cir. 1977). "The exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791–92 (3d Cir. 1994) (internal quotation marks, alterations, and citations omitted).

## III. DISCUSSION

Personal Audio objects to the Magistrate Judge's ruling regarding all three categories of witnesses. D.I. 378 at 1–4.

### A. Objection 1 – nine individually-named witnesses with alleged knowledge relevant to "prior art"

As to the first category of witnesses, the Magistrate Judge applied the Third

3

Circuit's *Pennypack* factors and found that they weighed against the "extreme sanction" that Personal Audio's motion called for. The Magistrate Judge found that, although Google's supplemental disclosures were untimely and the first factor weighs in Personal Audio's favor, the remaining four factors weigh in Google's favor. D.I. 375 at 3–5. Under the second factor, he found that "any prejudice to [Personal Audio] could be cured" because "Google has repeatedly made clear to [Personal Audio] that it would stipulate to an extension of the discovery deadline for the additional purpose of allowing [Personal Audio] to conduct discovery of the third parties that Google included in its supplemental disclosure." D.I. 375 at 5 (citation and alterations omitted). Under the third factor, he held that the delayed disclosure will have "little impact on the orderly and efficient trial of this case, because there is no trial date set, and the deadlines for expert discovery and dispositive motions have been vacated pending additional rulings regarding claim construction." D.I. 375 at 5 (citations omitted). And, under the fourth factor, he found that the evidence does not show that Google's delay "was the result of a willful intent to sandbag [Personal Audio] (as opposed to a mere oversight)." D.I. 375 at 5 (citation omitted).

Personal Audio objects to the Magistrate Judge's analysis arguing that (1) Google did not have an adequate explanation for its untimely disclosure, (2) the prejudice to Personal Audio cannot be cured because Google's delayed disclosures

"deprived [Personal Audio] of its opportunity to conduct the many months of discovery with full knowledge of the prior art Google holds relevant," and (3) Google willfully delayed its disclosure because Google knew or should have known of the information long before its submission of the supplemental disclosures. D.I. 378 at 1–2.

Those objections in no way establish that the Magistrate Judge's ruling was "completely devoid of minimum evidentiary support displaying some hue of credibility, or . . . bears no rational relationship to the supportive evidentiary data," or was contrary to law. *Leader Techs.*, 719 F. Supp. 2d at 375. First, as to the timeliness issue, the Magistrate Judge agreed with Personal Audio that Google's disclosures were untimely and thus Personal Audio's objections to that finding are irrelevant. Second, Personal Audio has not established that, contrary to the Magistrate Judge's finding, it cannot cure any prejudice resulting from Google's untimely disclosure; Personal Audio has not pointed to any facts showing that it cannot conduct adequate discovery before the extended discovery deadline agreed to by Google. Finally, I agree with the Magistrate Judge that the record— including the information provided in Personal Audio's objections—does not establish that Google acted with willful intent.

Personal Audio also objects on the grounds that the Magistrate Judge should not have considered, or should have given little weight to, the third *Pennypack*

5

factor—"the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court." D.I. 378 at 2; *Pennypack*, 559 F.2d at 904. But Personal Audio cites no precedent for removing that factor from the Third Circuit's framework. Plus, even if the Magistrate Judge had removed the third factor from his analysis, the factors would still have weighed in Google's favor: three factors would have weighed in favor of Google and only one would have weighed in favor of Personal Audio.

I will thus overrule Personal Audio's objections to the Magistrate Judge's refusal to strike the first category of witnesses.

### B. Objection 2 – generic identification of Samsung and LG and generic manufacturers of accused devices.

With respect to the remaining two categories of witnesses, Personal Audio objects to the Magistrate Judge's denial of its motion to strike on the grounds that Google "generically identifie[d]" in its supplemental disclosures corporate entities rather than "specific individuals." D.I. 378 at 4. But that objection is directed to Google's disclosures, not the Magistrate Judge's order, because Personal Audio did not argue in its briefing on its motion to strike that Google's identification of corporate entities rather than individuals was improper. To the extent Personal Audio raised that issue at all, it did so only in passing during a teleconference regarding the motion. Tr. 8:19–9:1. "[A]rguments raised in passing . . ., but not squarely argued, are considered waived." *John Wyeth & Bro. Ltd. v. CIGNA*

6

*Intern. Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997). Because Personal Audio has not provided any reasons why the Magistrate Judge's finding as to the remaining two categories of witnesses was clearly erroneous or contrary to law, I will overrule Personal Audio's objections.

For the foregoing reasons, this Eighteenth day of February 2020, **IT IS HEREBY ORDERED** that Plaintiff's Objections to the Magistrate Judge's March 19, 2019 Memorandum Order (D.I. 378) are **OVERRULED**.

COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE