IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONAL AUDIO, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 17-1751 (CFC) (CJB) |
| v. | ) |
| | ) REDACTED - PUBLIC VERSION |
| GOOGLE LLC, | ) |
| | ) |
| Defendant. | ) |

**LETTER BRIEF IN SUPPORT OF DEFENDANT GOOGLE LLC'S
<u>MOTION TO STRIKE</u>**

OF COUNSEL:

Melissa J. Baily
David A. Perlson
Antonio R. Sistos
Jeff Nardinelli
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600

Patrick Stafford
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
1300 I St. NW, Suite 900
Washington, D.C. 20005
(202) 538-8000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Defendant*

Original Filing Date: September 3, 2020
Redacted Filing Date: September 14, 2020

Dear Judge Burke:

      Google respectfully moves to strike portions of the "Reply Expert Report of Dr. Kevin C. Almeroth Re Infringement of U.S. Patent Nos. 6,199,076 and 7,509,178" (Ex. A). That reply report contains new, untimely infringement theories that were not disclosed in PA's contentions or its opening expert reports. Because the *Pennypack* factors weigh heavily in favor of excluding the new theories, Google's motion should be granted.

PA's Reply Opinions Are Untimely

      PA's infringement theories have shifted—twice—once from those originally disclosed in its infringement contentions to those in its opening expert report and again from those in its opening report to those in its reply report. PA's reply expert report in particular is rife with untimely opinions that were never previously disclosed. The four examples below are illustrative of PA's shifting sands approach to alleged infringement and demonstrate the untimeliness of the new theories and opinions at issue here.

      *(1) File:* The asserted claims require that a music player receive a "sequencing file." (D.I. 331 at 17.) In its infringement contentions, PA asserted that this limitation was met when ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ (*E.g.*, Ex. B at 33 (emphasis added).) PA's identification of a ▄▄▄ as the relevant "file" was consistent with its claim construction position that the "file" received by the player "is a database table." (D.I. 176 at 14 (emphasis added).)

      PA's opening expert report, however, stated a new theory: that ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ (Ex. C at 119 (emphasis added).) PA's contentions never mention ▄▄▄▄. But PA's expert now alleged that the ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄. (*Id.* at 126.) In rebuttal, Google's expert showed that neither a ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ (Ex. D at 73-82.)

      In reply, PA set out yet another new infringement theory: that ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ are the required "files." (*E.g.*, Ex. A at 50 ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄, 52 ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄. This third incarnation of PA's infringement theory—which no longer accuses any data structure at all—has thus evolved to become entirely inconsistent with PA's concession during claim construction that the claimed "file" is <u>not</u> "unstructured raw 'data'." (D.I. 176 at 14.)



---

[1] *See also* Ex. B at 35 (contending that the requirement that the "file" be named is satisfied by ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ and that the requirement that the "file" be received and stored is satisfied by ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄).

[2] As an analogy, PA accused ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

The Honorable Christopher J. Burke                                          September 3, 2020

      *(2) Using a Sequencing File:* During claim construction, Google argued (and PA disputed) that the "sequencing file" terms required that "one single sequencing file is received by the player and stored by the player, and it is that file and <u>that file only</u> that is used to control playback." (D.I. 331 at 19.) PA's infringement contentions did not assert a literal infringement theory under Google's proposed construction, and PA did not amend those contentions after Google's position was ultimately adopted (D.I. 447 at 5).



      PA's opening expert report nonetheless asserted for the first time that the so-called ███ (*E.g.*, Ex. C at 128.) In rebuttal, Google's expert demonstrated that the ███ (Ex. D at 82-88.) It is for this reason that Google put PA on notice that PA has no Rule 11 basis for maintaining any of its infringement claims. (Ex. E.)

      In its reply report, PA again shifted its theory to assert that using a file with information <u>copied</u> or "loaded" from an original file also "uses" the original file. (*E.g.*, Ex. A at 78 ("one skilled in the art would understand that the loading of a stored file into other data structures during execution of the control algorithm is direct evidence that the file is in fact being used . . ."); *see generally id.* at 71-123. Forced into a corner, PA is now taking a new position directly contrary to this Court's finding that the received file and that file "<u>only</u>" be used to control playback.

      *(3) Downloading:* During claim construction, Google argued (and PA disputed) that the "'request by the player' to download files must <u>identify the files</u> to be downloaded." (D.I. 406 at 4.) PA's infringement contentions did not assert a literal infringement theory under Google's proposed construction, and PA did not amend those contentions after Google's position was adopted (*id.* at 5; D.I. 448 at 2).



      PA's opening expert report nonetheless asserted for the first time that ███ (Ex. C at 30.) In rebuttal, Google's expert showed that ███ (Ex. D at 106-108.)

      In its reply report, PA again changed its theory to assert that "the computer's request does not need to specify the filenames in order to identify files to be downloaded." (*E.g.*, Ex. A at 151.) In other words, under PA's third infringement theory, if a player identifies ███, and the server can use the ███ to identify what to download, then the player has somehow identified the files to be downloaded. (*E.g.*, *id.* at 150-156.) So here again, PA has asserted a new infringement theory on reply that contradicts the Court's rejection of PA's theory that an embodiment involving "supplying personal information" satisfies the "downloading" limitation. (D.I. 406 at 8.)

      *(4) DOE:* PA's reply report also presents numerous new doctrine of equivalents arguments. Some further reflect PA's new positions as described above: receiving ███ is equivalent to receiving a database table (Ex. A ¶ 118); using or scanning a ███ is equivalent to

2

The Honorable Christopher J. Burke                                              September 3, 2020

using or scanning the file itself (*id.* ¶¶ 238-245, 267-271); and ▮▮▮▮ is equivalent to identifying files (*id.* ¶ 313).  The reply report also asserts for the first time that ▮▮▮▮ is equivalent to using a single-byte character (*id.* ¶¶ 289-291) and that ▮▮▮▮ is equivalent to the "if-then-else" test required by the Court's construction of "means for detecting a first command" (D.I. 372 at 20-29) (Ex. A ¶ 321).

PA's Late Disclosures Are Not Harmless

In considering a motion to strike untimely expert opinions, courts in this District consider the *Pennypack* factors.  *TQ Delta, LLC v. Adtran, Inc.*, No. 14-954-RGA, 2020 WL 4529865, *1 (D. Del. July 31, 2020).  "[I]n sophisticated, complex litigation involving parties represented by competent counsel, courts have been less indulgent in applying the *Pennypack* factors and more willing to exclude evidence without a strict showing that each of the *Pennypack* factors has been satisfied."  *Id.* at *2.

Here, PA's new infringement theories seem intended to address (i) the flaws in its original theories and (ii) the ramifications of adverse *Markman* rulings.  But PA could have and should have sought to amend its infringement contentions <u>during fact discovery</u>.  Indeed, when Google supplemented its discovery responses in light of this Court's *Markman* rulings, PA moved to compel further discovery on Google's non-infringement positions and was granted such discovery. (D.I. 354 at 5.)  PA's failure to amend its own contentions—on an issue on which it bears the burden—left Google with no such opportunity.  And reopening discovery at this late stage would cause an unjustified delay in a case that has already been pending since September 2015.

Under these circumstances, the *Pennypack* factors favor exclusion of the untimely expert opinions.  The first factor regarding prejudice favors exclusion, because Google "would need to present new defenses"—"defenses that [Google] did not prepare for during discovery"—in response to the untimely opinions.  *See TQ Delta*, 2020 WL at *2.  The second and third factors regarding the possibility of curing the prejudice and the disruption associated with doing so also favor exclusion, because "re-opening discovery to give [Google] an opportunity to cure the prejudice" would create significant delay.  *See id.*  The fourth factor regarding willfulness favors exclusion, because PA made a deliberate decision not to amend its infringement contentions, even as Google supplemented its non-infringement positions after *Markman*.  *Id.*; *IV I LLV v. AT&T Mobility LLC*, No. 13-1668-LPS, 2017 WL 658469, *3 (D. Del. Feb. 14, 2017).  With respect to the fifth factor, PA may well regard the information at issue to be "important," but PA has no viable justification for having withheld that information until now, and granting this motion would still leave PA with whatever permissible infringement arguments it can make based on its contentions and opening expert report.  *TQ Delta*, 2020 WL at *2; *IV I*, 2017 WL at *6; *Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466, 502 (D. Del. 2019).

Because PA should "not be permitted to advance a new infringement theory in [its] reply report," *Zimmer*, 365 F. Supp 3d at 502, the opinions at the following paragraphs should be struck: paragraphs 25, 26, 27, 28, 30-33, 36 n.5, 44, 61, 67, 68, 80-82, 101-105, 107-109, 111, 118 (file); paragraphs 142, 144-157, 160, 163-232, 236-245, 274-277 (using); paragraphs 302-304, 310-311, 313 (downloading); and paragraphs 118, 238-245, 267-271, 289-291, 313, 321 (DOE).  If those new opinions are not struck, Google requests at least the opportunity for its expert to respond.

3

The Honorable Christopher J. Burke September 3, 2020

 Respectfully,

 */s/ Brian P. Egan*

 Brian P. Egan (#6227)

BPE/rah
cc: All Counsel of Record (Via Electronic Mail)