IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONAL AUDIO, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Civil Action No. 17-cv-1751-CFC-CJB<br><br>JURY TRIAL DEMANDED<br><br>**FILED UNDER SEAL** |

### REPLY LETTER BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE

Dated: October 2, 2020

Of Counsel:

Douglas Q. Hahn
Stradling Yocca Carlson & Rauth, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Phone: 949-725-4138
Fax: 949-823-5138
Email: dhahn@sycr.com

Charles W. Goehringer
GERMER PLLC
550 Fannin, Suite 400
Beaumont, TX  77701
Phone:  409-654-6700
Email:  cwgoehringer@germer.com

Brian E. Farnan (Bar No.4089)
Michael J. Farnan (Bar No. 5165)
Rosemary J. Piergiovanni (Bar No. 3655)
FARNAN LLP
919 North Market Street, 12th Fl.
Wilmington, DE  19801
Telephone:  (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com
rpiergiovanni@farnanlaw.com

Victor G. Hardy (admitted *pro hac vice*)
Hardy, Parish, Yang, LLP
Spicewood Business Center
4412 Spicewood Springs Rd.
Suite 202
Austin, Texas 78759
Telephone: (512) 520-9407
vhardy@hpylegal.com

*Attorneys for Plaintiff  Personal Audio, LLC*

Dear Judge Burke:

1. **Google Does Not Dispute That This New Prior Art Device Has Never Been Disclosed**

Google's opposition does not contest that it failed to disclose possession of any prior art *device* or the intent to rely upon an actual physical device, during discovery. Nowhere in its responses to production requests did it produce or disclose the existence of such a device. Nowhere in in its invalidity contentions, interrogatory responses and Opening Expert Report did it reveal an intent to rely upon such a physical device. Rather, more than 1.5 years after the close of discovery and nearly two years after serving its invalidity contentions, Google saw fit to have its experts purchase a device in July 2020 and seeks to now rely on said device. Ex. A at ¶6; Ex. B at ¶47.

Google attempts to cite to its invalidity contentions to claim its disclosures were sufficient to include the New Prior Art Device because it identified a "Computer with Windows 95." Ex. C. To be clear, Windows 95 is an operating system which allowed users to run thousands of different programs and is not, on its own, an audio or music player. Thus, a "Computer with Windows 95" is not a sufficient disclosure to capture the specific hardware configuration of the device used by Dr. Quackenbush. Nowhere in the cited invalidity contentions does Google identify any actual physical device or its components to prove the features of a "Computer with Windows 95." *See id.* ████

████ In fact, every cite offered by Google in support of its invalidity contentions are references to extrinsic documentary evidence, like source code or operating manuals. *See* Ex. C. Not one pertains to a physical device. As Google did not see the need to purchase or disclose a physical prior art device then, there is no basis for it to be allowed to introduce such a device now.

2. **Google's Excuse for its Non-Disclosure and Prejudice is Unavailing**

Google asserts that its New Prior Art Device is necessary to rebut Dr. Almeroth opining that the CD95 source code does not meet the "predetermined amount of time" limitation.[1] ████

---

[1] Google mischaracterizes Dr. Almeroth's report. Dr. Almeroth's "as seen by the user" comment is explaining the operation of the CD 95 *source code* cited by Dr. Quackenbus—not attempting to rely on the observation of a new computer prior art device. Multiple paragraphs actually provide context to those cited, which Google ignores in crafting its "user experience" argument. ████

████ Dr. Almeroth's rebuttal opinion focused solely on the analysis of the source code and related testimony of its author to opine on the operation and functionality of said source code. It does not attempt to introduce undisclosed prior art after the close of discovery like Google is doing.

The fact that Google, in view of Dr. Almeroth's testimony concerning the operation of CD95's source code, now believes it better to rely on latencies in circuitry of a physical device, rather than source code, is no excuse for its failure to disclose the physical device literally years after the close of discovery. *See, e.g., Merck Sharp & Dohme Corp. v. Sandoz, Inc.*, 2014 U.S. Dist. LEXIS 37002, at *24 (D.N.J. Jan. 6, 2014) (The court denied defendant's motion to amend its invalidity contentions and struck the defendant's expert report sections where the defendant, like Google, both claimed that the new prior art was actually presented before and was also necessary to rebut statements made by the plaintiff.).

The substitution of source code prior art with a physical prior art device presents different issues in addressing the prior art defenses and imposes very significant prejudice on PA. Unlike the source code, the behavior of a physical prior art device implicates the functioning of multiple other components beyond the control algorithm such as the drive hardware, the messaging system API's of the drive, and the controller latencies in responding to controls. Ex. E at 11:17-13:15. This would require PA to seek additional third-party discovery into these specific components, question Google and third-party witnesses about this behavior, potentially review source code, and retain different types of experts with expertise with these components.

Google does not contest this very significant prejudice to PA but rather attempts to shift the blame by alleging that PA could have decided to purchase its own device. This argument misses the point. The impact of latency, drive hardware, and APIs on device behavior is unique for each prior art device configuration and depends upon the type of drive, its APIs and the controller circuitry. Without prior disclosure by Google of the specific device and its components, PA could not know the behavior the specific configuration would exhibit or the parties from whom to seek discovery. Given the lack of uniformity in computer hardware, PA could not conduct any of this investigation until Google identified a specific device, here a Micron Millenia Transport laptop. Ex. A at ¶ 6; Ex. B at ¶47. Indeed, Google to this day refuses to identify the components of the system despite being asked at multiple meet and confers.

The fact that PA questioned Quackenbush does not cure this prejudice or supplant the need for third party discovery. Quackenbush was unfamiliar with the device's components and could not confirm whether these were actual prior art components from 1995. *See* Ex. F. Nor did he conduct experiments into system latencies or have any particular expertise on the subject matter. His lack of this basic knowledge prevented any meaningful questioning on the important issues concerning the device's behavior. Similarly, the fact that PA could have questioned Estrop further on latencies does not excuse the prejudice to PA from Google failing to identify its reliance on a physical device's specific behavior. PA did not know to question Estrop on this device-dependent behavior (latency in the delay of updating time clock) because Google did not disclose its intended reliance on a particular device or its non-code behavior.

This attempt by Google to sidestep its prior disclosures and discovery responses cannot stand. This morass is of Google's creation and the Court should not allow PA to be prejudiced for Google's failures. Any analysis Google wishes to present on the issue of "predetermined amount of time" should be solely based on the produced CD 95 source code and the testimony of third-party witnesses identified during discovery.

                Respectfully submitted,

                /s/ Rosemary J. Piergiovanni

                Rosemary J. Piergiovanni

cc: Counsel of Record (Via E-Mail)

# EXHIBIT A

# REDACTED

# EXHIBIT B

# REDACTED

# EXHIBIT C

**REDACTED**

# EXHIBIT D

**REDACTED**

# EXHIBIT E

**REDACTED**

# EXHIBIT F

**REDACTED**