IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-1751 (CFC) (CJB) |
| | ) | |
| GOOGLE LLC, | ) | **REDACTED - PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF MOTION NUMBER 5:
MOTION FOR SUMMARY JUDGMENT OF INVALIDITY
OF CLAIMS 2 AND 3 OF THE '076 PATENT**

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | Jack B. Blumenfeld (#1014) |
| | Brian P. Egan (#6227) |
| | 1201 North Market Street |
| OF COUNSEL: | P.O. Box 1347 |
| | Wilmington, DE 19899 |
| Melissa J. Baily | (302) 658-9200 |
| David A. Perlson | jblumenfeld@morrisnichols.com |
| Antonio R. Sistos | began@morrisnichols.com |
| Jeff Nardinelli | |
| QUINN EMANUEL URQUHART | *Attorneys for Defendant* |
| & SULLIVAN, LLP | |
| 50 California Street, 22nd Floor | |
| San Francisco, CA 94111 | |
| (415) 875-6600 | |

Patrick Stafford
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
1300 I St. NW, Suite 900
Washington, D.C. 20005
(202) 538-8000

**Original Filing Date: June 29, 2021
Redacted Filing Date: July 6, 2021**

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aristocrat Tech. v. Int'l Game Tech.*,
   521 F.3d 1328 (Fed. Cir. 2008) ............................................................2, 3, 4, 5

*Encyclopedia Britannica, Inc. v. Alpine Elecs., Inc.*,
   355 F. App'x 389 (Fed. Cir. 2009).........................................................................4

*Ergo Licensing LLC v. CareFusion 303, Inc.*,
   673 F.d 1361, 1364-65 (Fed. Cir. 2012)..............................................................3

*Ibormeith IP, LLC v. Mercedes-Benz USA, LLC*,
   889 F. Supp. 2d 677 (D.N.J. 2012), *aff'd*, 732 F.3d 1376 (Fed. Cir. 2013) ...............................................................................................................4

Claims 2 and 3 of the '076 patent include means-plus-function limitations related to the "skip back" functionality of the claimed audio player:

> 2. . . . <u>means responsive to a single one of said second commands for discontinuing the reproduction of the currently playing program segment and instead continuing the reproduction at the beginning of said currently playing program</u>.
>
> 3. . . . <u>means responsive to the detection of two consecutive ones of said second commands for discontinuing the reproduction of the currently playing program segment and instead continuing the reproduction at the beginning of a program segment which precedes the currently playing program segment</u>.

During claim construction, Google argued that there was only one disclosed "structure for determining whether a skip back should restart the current segment or start the prior segment": namely, using "the start time recorded in a usage log file" to determine whether a back command is a single back command or a consecutive back command. D.I. 159, at 19-20 (*citing* '076 patent 15:49-59); D.I. 186, at 10. Otherwise, Google argued, "there is no structure for that function disclosed in the patents (as confirmed by the absence of such an algorithm from PA's proposal) and the claims are indefinite." D.I. 186, at 10.

In its Report and Recommendation, this Court agreed with PA that the usage log file described in the specification was not linked to the skip back functions and therefore could not serve as the corresponding structure. D.I. 331, at 51. But that left open the issue of PA's failure to identify an alternative structure for the

1

claimed functions.  *Id.* 51-52.  The Report and Recommendation noted that this "seems problematic" and that Google "may wish to re-raise [its indefiniteness] argument during the summary judgment stage."  *Id.* 52.  The Court concurred, stating that "Google reasonably argues that 'determining *which* skip back command should be implemented requires some means of measuring time so as to distinguish a 'double skip back' from two 'single skip backs'" and noting that this "issue goes to indefiniteness."  D.I. 447, at 9.

Because the specification does not disclose any structure for performing the functions of responding to "a single one of said second commands" or "two consecutive ones of said second commands," claims 2 and 3 of the '076 patent are indefinite.

## **LEGAL STANDARD**

With respect to means-plus-function limitations, a patent must "recite the particular structure that performs the function and to which the means plus function claim is necessarily limited."  *Aristocrat Tech. v. Int'l Game Tech.*, 521 F.3d 1328, 1334, 1336 (Fed. Cir. 2008).  Without the disclosure of an algorithm, it is insufficient "to state or later argue that persons of ordinary skill in the art would know what structures to use to accomplish the claimed function."  *Id.*  The Federal Circuit has identified a "narrow exception" to the requirement that a patent "recite the particular structure that performs the function"—namely, in the "rare

2

circumstances" "when the function 'can be achieved by any general purpose computer without special programing.'" *Ergo Licensing LLC v. CareFusion 303, Inc.*, 673 F.d 1361, 1364-65 (Fed. Cir. 2012) (citations omitted).

## ARGUMENT

During *Markman* proceedings, the parties agreed that the relevant claim elements are means-plus-function limitations. D.I. 146-1, at 4, 6. The parties agreed that the claimed functions include: responding to "a single Back command…" (claim 2) and responding to "two consecutive Back commands…" (claim 3). *Id.* And the parties agreed that the claimed functions could not be achieved by any general purpose computer without special programming. *Id.* Accordingly, it is undisputed that, for claims 2 and 3 to be definite, the '076 patent must recite a particular structure that performs the claimed functions of responding to "a single Back command" and responding to "two consecutive Back commands." *See Aristocrat*, 521 F.3d at 1334, 1336.

At the heart of those functions is the need to distinguish between "single" and "consecutive": that is, are two Back commands two single Back commands, or are they sufficiently close in time to constitute two consecutive Back commands? During claim construction, PA pointed to only one sentence in the specification ('076 Patent at 15:49-50) that it contended disclosed a relevant structure. D.I. 146, at 11. But that sentence simply describes the notion of

3

"consecutiveness" in different words—*i.e.*, if a "predetermined amount of time" has passed, two Back commands are no longer "consecutive." (*Id.*) Restating the function is not reciting a structure for performing the function. *Encyclopedia Britannica, Inc. v. Alpine Elecs., Inc.*, 355 F. App'x 389, 393 (Fed. Cir. 2009); *Ibormeith IP, LLC v. Mercedes-Benz USA, LLC*, 889 F. Supp. 2d 677, 685 (D.N.J. 2012), *aff'd*, 732 F.3d 1376 (Fed. Cir. 2013). And during expert discovery, PA did not identify any other portion of the specification that it contends (i) is linked to the claimed functions and (ii) answers the question how to determine "single" versus "consecutive." (*See generally*, Ex. E ¶¶ 268-288.)

Instead, PA's technical expert, Dr. Kevin Almeroth, contends that the claimed functions have "no timing element." (*Id.* ¶ 273.) But Almeroth's own analysis demonstrates that "time" is inherent in the functions requiring a determination of "single" versus "consecutive." Specifically, he opines: "the second back command if pressed quickly (i.e., at a time when the program segment has not yet played for said predetermined amount of time), the algorithm will reset at the preceding file." (*Id.* ¶ 278 (emphasis added).) The synonyms that Dr. Almeroth uses for "consecutive"—"quickly" or within some "predetermined amount of time"—make clear that "time" is at the heart of the claimed functions.

PA also argues that algorithms for determining if "the second back command" is pressed "consecutively" (or "quickly" or within a "predetermined

4

amount of time") "can be implemented by a programmer of ordinary skill" in a variety of ways.  (*Id.* ¶¶ 281-288.)  But without the disclosure of an algorithm, it is irrelevant whether "persons of ordinary skill in the art would know what structures to use to accomplish the claimed function."  *Aristocrat*, 521 F.3d at 1334.

Because the '076 patent does not disclose a structure for distinguishing between "single" and "consecutive" back commands, claims 2 and 3 of the '076 are indefinite, and summary judgment should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant*

OF COUNSEL:

Melissa J. Baily
David A. Perlson
Antonio R. Sistos
Jeff Nardinelli
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600

Patrick Stafford
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
1300 I St. NW, Suite 900
Washington, D.C. 20005
(202) 538-8000

5

June 29, 2021

## **WORD COUNT CERTIFICATION**

The undersigned counsel hereby certifies that the foregoing document contains 1,027 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

*/s/ Brian P. Egan*

Brian P. Egan (#6227)