# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONAL AUDIO, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | C.A. No. 17-cv-1751-CFC-CJB<br><br>JURY TRIAL DEMANDED<br><br>FILED UNDER SEAL |

## PERSONAL AUDIO'S OPPOSITION TO GOOGLE'S MOTION NUMBER 5: MOTION FOR SUMMARY JUDGMENT OF INVALIDITY

Dated: August 3, 2021

Victor G. Hardy (admitted *pro hac vice*)
10703 Pickfair Drive
Austin Texas. 78750
vhardy@hpylegal.com

Brian E. Farnan (Bar No.4089)
Michael J. Farnan (Bar No. 5165)
Rosemary J. Piergiovanni (Bar No. 3655)
FARNAN LLP
919 North Market Street, 12th Fl.
Wilmington, DE 19801
Telephone: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com
rpiergiovanni@farnanlaw.com

Douglas Q. Hahn (admitted *pro hac vice*)
Salil Bali (admitted *pro hac vice*)
Stradling Yocca Carlson & Rauth, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Phone: 949-725-4138
dhahn@sycr.com
sbali@sycr.com
*Attorneys for Plaintiff Personal Audio, LLC*

ii

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Google LLC v. Pers. Audio, LLC*,
  743 Fed. App'x. 978 (Fed. Cir. 2018) ................................................................1

*Microchemical v. Great Plains*,
  194 F.3d 1250 (Fed. Cir. 1999) ..........................................................................2

*S3 Inc. v. NVidia*,
  259 F.3d 1364 (Fed. Cir. 2001) ..........................................................................4

**Other Authorities**

37 CFR § 42.104(b)(3) ............................................................................................1

Indefiniteness must be established by clear and convincing evidence.

Google's motion should be rejected because (1) the claims are capable of definite constructions, as stipulated by Google and shown by numerous proceedings, including the Federal Circuit that affirmed Google's submitted constructions, and (2) the specification discloses an algorithmic structure (Ex. A Col. 15:43-57) sufficient to perform the recited functions. (V.R. ¶¶268-288)[1]; *Google LLC v. Pers. Audio, LLC*, 743 Fed. App'x. 978, 984 (Fed. Cir. 2018) ("the parties *stipulated* to, and the Board adopted, a construction [for] the skip-back limitations").

Google submitted the very same constructions for these claims to the PTAB to meet jurisdictional prerequisites of IPR review. (*See* Responsive S.O.F. 4); 37 CFR § 42.104(b)(3) ("The statement must identify…[h]ow the challenged claim is to be construed."). After having stipulated to and won the issue that the claims are definite enough for review by the PTAB, Google cannot now take a contrary position.

Google's argument is misplaced because the means limitations do not recite any functional requirement to measure time or to differentiate between commands. (V.R. ¶¶ 270-75.) It is reversible error to require a structure to perform unrecited

---

[1] V.R. refers to Ex. D.

1

functional limitations in a means claim.[2] *Microchemical v. Great Plains*, 194 F.3d 1250, 1258 (Fed. Cir. 1999).

Rather, the recited functions of claims 2 and 3 only require that the player to "respon[d]" to a single "back" command or two "back" commands with the specified action in each claim. One does not need a timer to differential between commands in order to perform these functions. Consider the algorithm of (Ex. A Col. 15:49-55) setting the predetermined time to two seconds.

> **Step 1**: When the first "Back" command is detected after more than two seconds of playback, the algorithm will cause the playback point to go to the beginning of the current playing audio file. This performs the functional requirements of claim 2.
>
> **Step 2**: After step 1, the player is now at the beginning of the current playing song. If another Back command is detected within two seconds of playback of the newly started song, the player will return to the prior song—thereby performing the functional requirements of the claim 3.

As shown above, at no time did the algorithm need to measure the time between the two commands or even differentiate between one or two button presses to perform the recited functions. (V.R. ¶¶277-79.) It works simply by measuring the time played when each command is issued.

The specification discloses sufficient structure to determine the time an audio file has played without a timer or some special algorithm. One can simply

---

[2] Google's cases are inapplicable because the specifications failed to disclose a structure that performs an *explicitly recited* function.

2

read the media's timing information. The specification recites MIDI files (Ex. B Col. 5:13-20 and 64); "optical disk" (*id.* Col. 7:63-66; 4:47), and "compressed audio files" (*id.* Col 5:5) which contain embedded time position information. (*See* V.R. ¶¶283-84) .



Finally, the specification discloses a general purpose computer with "Window 95…[with] *multimedia* support") (Col. 5:31) that displays "*the elapsed time/remaining to be played.*" (Col. 12:49-59). Windows 95 has standard APIs and code for determining the time position within playing media. (V.R. ¶¶281-83, 285-88.) Dr. Quackenbush also asserts Windows 95 displays the time position of playing media. (Ex. L ¶115.) Thus, a "general purpose computer" running "Windows 95" programmed with the algorithm at Col. 15:43-57 is sufficient to perform the recited functions. (*Id.*)

No one needs to specify further algorithmic steps for telling playback time any more than one needs to elaborate on the micro-processes of how a computer reproduces sounds or store data or display images on a screen. These types of

3

operations are part of the well understood functioning of a general purpose computer playing media. (V.R. ¶288; Ex. LL at 30 (finding claims 2-3 of '076 "definite" over challenge), 6, 10 ("The patentee need not disclose details of structures that are well-known in the art"), 13-14); *S3 Inc. v. NVidia*, 259 F.3d 1364, 1371(Fed. Cir. 2001)("the law is clear that patent documents need not include subject matter that is known in the field").

Dated: August 3, 2021                     Respectfully submitted,

                                                                           FARNAN LLP

                                                                           /s/ Michael J. Farnan
                                                                           Brian E. Farnan (Bar No.4089)
Michael J. Farnan (Bar No. 5165)
Rosemary J. Piergiovanni (Bar No. 3655)
919 North Market Street, 12th Fl.
Wilmington, DE 19801
Telephone: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com
rpiergiovanni@farnanlaw.com

Douglas Q. Hahn (admitted *pro hac vice*)
Salil Bali (admitted *pro hac vice*)
Stradling Yocca Carlson & Rauth, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Phone: 949-725-4138
Fax: 949-823-5138
dhahn@sycr.com
sbali@sycr.com

Victor G. Hardy (admitted *pro hac vice*)

10703 Pickfair Drive
Austin Texas. 78750
vhardy@hpylegal.com

*Attorneys for Plaintiff Personal Audio, LLC*

# **CERTIFICATION OF COMPLIANCE**

The foregoing document complies with the type-volume limitation for this Court's March 2, 2020 Standing Order Regarding Briefing in all Cases.  The text of this brief, including footnotes, was prepared in Times New Roman, 14 point.  According to the word processing system used to prepare it, the brief contains 690 words, excluding the case caption, signature block, table of contents, and table of authorities.

Dated: August 3, 2021                                       */s/ Michael J. Farnan*
                                                                  Michael J. Farnan (Bar No. 5165)