IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PERSONAL AUDIO, LLC,

Plaintiff,

v.

GOOGLE LLC,

Defendant.

C.A. No. 17-1751 (CFC) (CJB)

**REDACTED – PUBLIC VERSION**

**REPLY BRIEF IN SUPPORT OF MOTION NUMBER 5: MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF CLAIMS 2 AND 3 OF THE '076 PATENT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant*

OF COUNSEL:

Melissa J. Baily
David A. Perlson
Antonio R. Sistos
Jeff Nardinelli
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Patrick Stafford
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
(202) 538-8000

Original Filing Date: August 31, 2021
Redacted Filing Date: September 15, 2021

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aristocrat Tech. v. Int'l Game Tech.*,
521 F.3d 1328 (Fed. Cir. 2008) ....................................................................1, 2

*Automated Packaging Sys. v. Free Flow Packaging Int'l*,
No. 18-CV-00356-EMC, 2018 WL 3659014 (N.D. Cal. Aug. 2, 2018) ....................................................................2

*Ergo Licensing v. CareFusion 303*,
673 F.3d 1361 (Fed. Cir. 2012), The *S3* ....................................................................2

*Interval Licensing LLC v. AOL*,
766 F.3d 1364 (Fed. Cir. 2014) ....................................................................2

*S3 Inc. v. NVIDIA*,
259 F.3d 1364 (Fed. Cir. 2001) ....................................................................2

## Rules and Statutes

35 U.S.C. § 311(b) ....................................................................2

PA's Opposition confirms that summary judgment of indefiniteness should be granted.

<u>First</u>, PA's attempt to read "time" out of the functions of the relevant limitations (Opp. 2) fails. PA's own example demonstrates that measuring time (*e.g.*, two seconds) is required by the claimed functions of responding to "a single" Back command in one way and responding to "two consecutive" Back commands in another. (*See id.*) Accordingly, the issue of a corresponding structure must be addressed. *Aristocrat Tech. v. Int'l Game Tech.*, 521 F.3d 1328, 1334, 1336 (Fed. Cir. 2008).

<u>Second</u>, PA's argument that the "specification discloses" such a structure (Opp. 2-3) is meritless. None of PA's specification citations relates in any way to the skip Back limitations. (*See id.* 3.) And as this Court previously found in connection with the limitations at issue, "[t]o constitute corresponding structure, 'the intrinsic evidence [must] clearly link[] or associate[] that structure to the function recited in the claim.'" D.I. 447, 9.

<u>Third</u>, PA's contention that no structure needs to be disclosed because such structure is "part of the well understood functioning of a general purpose computer playing media" (Opp. 3-4) is untenable. When there is no disclosure of a relevant structure, the rule is that a patentee cannot "later argue that persons of ordinary skill in the art would know what structures to use to accomplish the claimed function."

*Aristocrat*, 521 F.3d at 1337. And this is not the "rare" exception, where "the function 'can be achieved by any general purpose computer without special programming'": distinguishing between "single" and "consecutive" commands to skip Back in a music player clearly requires special programming and is not akin to a generic function like producing sound (Opp. 3). *See Ergo Licensing v. CareFusion 303*, 673 F.3d 1361, 1364-65 (Fed. Cir. 2012).[1]

Finally, that the PTAB reviewed the patents at issue (Opp. 1) is irrelevant. The PTAB is not permitted to consider indefiniteness in an IPR. 35 U.S.C. § 311(b). And indefiniteness is routinely considered by district courts after IPR pursuant to applicable district court standards. *E.g.*, *Automated Packaging Sys. v. Free Flow Packaging Int'l*, No. 18-CV-00356-EMC, 2018 WL 3659014, *3 (N.D. Cal. Aug. 2, 2018); *Interval Licensing LLC v. AOL*, 766 F.3d 1364, 1372-73 (Fed. Cir. 2014).

For the same reasons that the Court was initially inclined to understand that the failure to disclose a structure for distinguishing between "single" and "consecutive" Back commands was problematic (D.I. 331, 51; D.I. 447, 9), summary judgment of indefiniteness should be granted.

---

[1] The *S3* case (Opp. 4) is not to the contrary; there, a structure was disclosed, that structure was a "standard electronic component," and that structure performed the claimed standard function without the need for special programming. *S3 Inc. v. NVIDIA*, 259 F.3d 1364, 1370-71 (Fed. Cir. 2001). Nor does PA cite anything that supports its contention that another court found "claims 2-3 of '076 definite over challenge" (Opp. 4); the cited JMOL order does not address definiteness (*see* D.I. 605 LL).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant*

OF COUNSEL:

Melissa J. Baily
David A. Perlson
Antonio R. Sistos
Jeff Nardinelli
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Patrick Stafford
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
(202) 538-8000

August 31, 2021

**WORD COUNT CERTIFICATION**

The undersigned counsel hereby certifies that the foregoing document contains 493 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the motion. The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 31, 2021, upon the following at the email addresses indicated below:

Brian E. Farnan, Esquire, Esquire
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

Victor G. Hardy, Esquire
HARDY, PARISH, YANG, LLP
10703 Pickfair Drive
Austin, TX 78750
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

Douglas Q. Hahn, Esquire
Salil Bali, Esquire
Steven M. Hanle, Esquire
Matthew R. Stephens, Esquire
Ahmad Takouche, Esquire
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
*Attorneys for Plaintiff*

*VIA ELECTRONIC MAIL*

*/s/ Brian P. Egan*

Brian P. Egan (#6227)