Originally Filed: January 12, 2022
Redacted Version Filed: January 19, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONAL AUDIO, LLC, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 17-1751 (CFC) (CJB) |
| GOOGLE LLC, | ) REDACTED - PUBLIC VERSION |
| Defendant. | ) |

## UNOPPOSED MOTION TO REDACT ORDER (D.I. 706)

Defendant Google LLC ("Google") hereby moves the Court to redact certain portions of the Court's Memorandum Order dated January 7, 2022 (D.I. 706) concerning Google's motion for summary judgment of non-infringement (D.I. 552). The grounds for this motion are set forth below. The requested redactions are highlighted in Exhibit A with the redacted Order attached as Exhibit B. Pursuant to District of Delaware Local Rule 7.1.1 and the Court's guidance (D.I. 706 at 25), counsel for Google and Personal Audio, LLC conferred about the requested redactions and Personal Audio confirmed that it does not oppose this motion.

Although "[t]he public has a common law right of access to judicial proceedings and records," this right "is not absolute[.]" *MOSAID Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012). "Every court has inherent supervisory power, and the Third Circuit has held that courts may exercise that

power to deny access to judicial records, for example, 'where they are sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)).

In deciding whether to seal judicial records, courts assess whether good cause exists. *MOSAID Techs.*, 878 F. Supp. 2d at 507-08. This assessment "generally involves a balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *Id.* at 508 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994)). The Third Circuit has identified a series of factors to consider in this analysis, including: "(1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose; (3) whether disclosure will cause embarrassment to a party; (4) whether the information to be disclosed is important to public health and safety; (5) whether sharing the information among litigants will promote fairness and efficiency; (6) whether the party benefiting from the order is a public entity or official; and (7) whether the case involves issues important to the public." *Id.* at 508 n.2 (citing *Pansy*, 23 F.3d at 787-91). These factors are "neither mandatory nor exhaustive," and not every factor is applicable in every circumstance. *Id.* (quoting *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

Good cause exists here to redact portions of the January 7 Order (D.I. 706). The limited proposed redactions relate primarily to two categories of Google's confidential business information: (i) technical aspects of how Google provides updates to applications; and (ii) how Google sets up its systems to operate with respect to mobile devices in different geographical locations. Both of these categories of information are confidential to Google.

Disclosure of Google's confidential information regarding the operation of its servers and systems would "work a clearly defined and serious injury" to Google, as such disclosure would provide Google's competitors with otherwise confidential information regarding how Google updates applications and has elected to structure its operations related to the distribution of updates and content to mobile devices. *See Pansy*, 23 F.3d at 786. Moreover, because this "case involves private litigants" and their confidential information, there is "little legitimate public interest" in the proposed redactions. *Id.* at 788. Under such circumstances, Google's interest in maintaining the confidentiality of the proposed redacted information outweighs any countervailing public interest. *See id.* ("[I]f a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality.").

The proposed redactions are limited in scope, including only those aspects of the Order that might – alone or in context – reveal Google's confidential information. Moreover, the unredacted portions of the Order provide sufficient information to allow readers to understand the nature of the dispute, while protecting Google's confidential information from disclosure.

Accordingly, the parties respectfully submit that good cause exists to redact the Court's January 7, 2022 Order, and request that the Court grant this Motion and direct the Clerk of the Court to docket the redacted Order attached as Exhibit B.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant Google LLC*

January 12, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 19, 2022, upon the following at the email addresses indicated below:

| | |
|---|---|
| Brian E. Farnan, Esquire, Esquire<br>Michael J. Farnan, Esquire<br>Rosemary J. Piergiovanni, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Victor G. Hardy, Esquire<br>HARDY, PARISH, YANG, LLP<br>10703 Pickfair Drive<br>Austin, TX  78750<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Douglas Q. Hahn, Esquire<br>Salil Bali, Esquire<br>Steven M. Hanle, Esquire<br>Matthew R. Stephens, Esquire<br>Ahmad Takouche, Esquire<br>STRADLING YOCCA CARLSON & RAUTH, P.C.<br>660 Newport Center Drive, Suite 1600<br>Newport Beach, CA  92660<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Brian P. Egan*

Brian P. Egan (#6227)