IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONAL AUDIO, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 17-1751-CFC/CJB |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before me are Personal Audio's objections (D.I. 716) and Google's objections (D.I. 717) to the Magistrate Judge's Report and Recommendation issued on January 7, 2022 (D.I. 706). The Magistrate Judge recommended in his Report and Recommendation that I grant in part and deny in part Google's motion for summary judgment of noninfringement with respect to accused third-party products (D.I. 552). I have reviewed the Report and Recommendation, the objections, and the responses to the objections.

The Magistrate Judge had the authority to make his findings and recommendation under 28 U.S.C. § 636(b)(1)(B). I review his findings and recommendations de novo. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

I agree with the Magistrate Judge's thorough analysis and conclusions and

will therefore adopt the Report and Recommendation and overrule both parties' objections.

I make the following observations with respect to Google's objections to assist the parties as they prepare for trial. First, Google did not contest that Personal Audio proffered sufficient proof of infringement with respect to the Blu-Products Life XL device. That fact alone required me to overrule Google's objections. Second, as noted in the Magistrate Judge's Report, Personal Audio will be required at trial to establish by a preponderance of the evidence that the 1.8 billion installations of GPM "had to have been on devices that . . . contained the other claimed hardware components." D.I. 706 at 11. I am inclined to make this requirement explicit in a jury instruction and in a question on the verdict sheet. Third, it appears that there may be authenticity and related issues about the "Current Device Installs" spreadsheet that could result in jury speculation and confusion, and unfair prejudice to Google. I am inclined to try the case in phases to avoid those pitfalls. *See Enzo Life Scis., Inc. v. Digene Corp.,* No. CIV.A. 02-212-JJF, 2003 WL 21402512, at *5 (D. Del. June 10, 2003) ("Bifurcation is an important discretionary tool that district courts can use to ensure that the cases are resolved in a just manner by juries that understand the complex issues before them.").

NOW THEREFORE, on this 28th day of February in 2022, IT IS HEREBY ORDERED that:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (D.I. 716) are OVERRULED;

2. Defendant's Objections to the Magistrate Judge's Report and Recommendation (D.I. 717) are OVERRULED;

3. The Report and Recommendation (D.I. 706) is ADOPTED;

4. Defendant's Motion for Summary Judgment of Non-Infringement as to Accused Third-Party Products (D.I. 552) is GRANTED IN PART AND DENIED IN PART; and

5. Summary judgment of noninfringement under 15 U.S.C. §§ 271(a), 271(c), and 271(f) with respect to the accused third-party products is GRANTED.

_____
CHIEF JUDGE