IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1751-CFC-CJB |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

At Wilmington, Delaware this **15th day of March, 2022**.

WHEREAS, on January 24, 2022, the Court issued a Memorandum Order (the "Memorandum Order") regarding Defendant Google LLC's ("Defendant" or "Google") *Daubert* Motion to Exclude Expert Testimony as to the Sequencing File Limitation ("*Daubert* motion"), (D.I. 720);

WHEREAS, the Court released the Memorandum Order under seal in recognition that it may contain confidential information, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the Memorandum Order, (*id.* at 4);

WHEREAS, on January 27, 2022, Google filed an "Unopposed Motion to Redact Order" (the "Motion"), submitting that the redactions relate to "source code implementation of certain accused features of the accused Google Play Music software" and are necessary because disclosure of the confidential information reflected in the proposed redacted text would cause harm to Google, (D.I. 724 at 3);

WHEREAS, Plaintiff Personal Audio, LLC does not oppose Google's Motion, (*id.* at 1);

WHEREAS, the proposed redactions relate to a *Daubert* motion (and not to a dispositive motion);

WHEREAS, the proposed redactions are somewhat significant in scope, totaling nearly one-half of a page of the four-page Memorandum Order, (*id.*, ex. B);

WHEREAS, the proposed redacted material has a bearing on the Court's ultimate decision;

WHEREAS, and considering the question as to this Motion only, certain of the proposed redactions are justifiable, since the language therein appears to come directly from Google's source code, such that good cause exists to believe that disclosure of those portions of the Memorandum Order would work a "clearly defined and serious injury" to Google, *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (internal quotation marks and citation omitted);

WHEREAS, the Court is not persuaded that other of the proposed redactions would cause injury to Google, as Google did not redact related content from its *Daubert* motion briefing, and thus such content is already publicly available, (D.I. 582 at 3-4), or such content is very general in nature and the Court is not persuaded that disclosure of it would cause injury to Google;

THEREFORE, it is HEREBY ORDERED that:

1. Google's unopposed Motion is GRANTED-IN-PART.
2. Any and all publicly-available copies of the Memorandum Order, including but not limited to copies that are or will be available by remote electronic access, shall be redacted as follows:

The following content from Page 2, paragraph 3 shall be redacted:

    (1) between "made up of data from" and "is referenced during playback"

    (2) between "in actuality, 'data from" and "is used to perform these functions"

    (3) between "utilizes" and "Indeed"

      (4) between "acknowledge the use of" and "(D.I. 571, ex. B at para. 265"

      (5) between "that is stored" and "so that the playlist"

      (6) between "from the received" and "(PA's sequencing file)" and

      (7) between "copied to the" and "which is then used to control"

No other material shall be redacted.

                                              */s/ Christopher J. Burke*
                                              Christopher J. Burke
                                              UNITED STATES MAGISTRATE JUDGE