IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1751-CFC-CJB |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

1. The Court, having reviewed Defendant's *Daubert* motion to exclude expert testimony as to the "sequencing file" limitation ("Motion"), (D.I. 558), and the briefing related thereto, (D.I. 559; D.I. 598; D.I. 630), having heard argument on September 22, 2021, (D.I. 687 (hereinafter "Tr.")), and having considered the relevant legal standards, *see 360 Heros, Inc. v. GoPro, Inc.*, --- F. Supp. 3d ---, 2021 WL 5050879, at *1-2 (D. Del. Nov. 1, 2021), hereby ORDERS that the Motion is DENIED for the reasons that follow.

2. Defendant's opening brief in support of the Motion makes two arguments. (D.I. 559 at 1) Defendant first argues that "PA's technical expert—Dr. Kevin Almeroth—has applied an understanding of the [claim] term 'sequencing file' that is not consistent with the Court's construction." (*Id.*; *see also id.* at 2-3) Here again, though, as Defendant did in its *Daubert* motion regarding the "file" limitation, (see D.I. 713 at 5 n.3), instead of pointing to specific portions of Dr. Almeroth's expert reports that are purportedly objectionable, Defendant instead references a few snippits of Dr. Almeroth's deposition testimony in which he responded to "hypothetical[s]" posed by Defendant's counsel, (D.I. 559 at 2-3 (citing D.I. 571, ex. I at 57-58, 178-80); *see also* D.I. 598 at 1; Tr. at 185). This is not sufficient to permit grant of the Motion because: (a) it is not absolutely clear from these deposition snippits that Dr. Almeroth is

pressing an opinion violative of the Court's claim construction (he might be, but it is just hard for the Court to tell for sure); (b) even if he was doing so, Defendant's approach leaves the Court at a loss to know what portions of Dr. Almeroth's expert reports are being placed at issue here; and (c) relatedly, Defendant does not explain why such portions of those expert reports are at odds with the Court's construction. So the Court can grant Defendant no relief on this ground.

3.  Second, Defendant contends that Dr. Almeroth's "opinions regarding the purported 'sequencing file' in [Google Play Music ('GPM')] are based entirely on a foundational technical error" and should thus be excluded. (D.I. 559 at 1; *see also id.* at 3-6) On this front, Defendant argues that Dr. Almeroth's theory (that "in [Google Play Music], his purported LIST file (made up of data from ▮▮▮▮▮▮▮▮▮▮ is referenced during playback and to respond to control commands") is based on an error, because in actuality, "data from ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is used to perform these functions." (*Id.* at 3 (citing D.I. 571, ex. B at para. 257)) But the Court does not read the cited paragraph of Dr. Almeroth's report to deny that GPM in some way utilizes ▮▮▮. Indeed, a few paragraphs later in his report, Dr. Almeroth seems to acknowledge the use of ▮▮▮. (D.I. 571, ex. B at para. 265 ("The received LIST file for a given playlist that is stored ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ so that the playlist may be played in its sequence."); *see also* D.I. 630 at 1, 4 (Defendant noting in its reply brief that "it is now undisputed that data from the received ▮▮▮▮▮▮▮▮▮ (PA's sequencing file) is copied to the ▮▮▮▮▮▮▮▮▮, which is then used to control playback and respond to control commands[.]"); Tr. at 178) And so this is not a proper ground for exclusion of this particular paragraph of Dr. Almeroth's report.

4.      Having now addressed the two grounds for exclusion raised in Defendant's opening brief, the Court notes more generally that the issue underlying Defendant's Motion is Defendant's assertion that the claim construction for "sequencing file," (D.I. 447 at 2-5), requires that "you can't use a copy of the sequencing file to control playback and respon[d] to commands, you have to use the received file[,]" (Tr. at 176; *see also id.* at 172-73, 183). The Court notes that it agrees with Defendant that, based on the claim construction process that led to the construction for "sequencing file," this understanding of the meaning of the construction is accurate. (*See* D.I. 331 at 19-20; D.I. 350 at 1; D.I. 447 at 2-5) However, it appears that Plaintiff points to at least certain instances of GPM's operation that it contends comport with this interpretation of the Court's construction. (D.I. 598 at 1-2, 4 (cases 1, 2 and 3); Tr. at 186-90, 198) Moreover, this is not a summary judgment motion. So on this record (i.e., where the back and forth regarding these infringement theories occurred in answering and reply briefs relating to a *Daubert* motion), it is not appropriate for the Court to do what Defendant wants it to do—to make a finding of non-infringement (i.e., a finding that "PA cannot rely solely on Cases 1, 2 and/or 3 to demonstrate infringement"). (D.I. 630 at 3)

5.      Finally, Defendant's request for leave to file a summary judgment motion on "sequencing file[,]" which was made in a footnote of its reply brief, (D.I. 630 at 1 n.1; *see also* Tr. at 178), is DENIED. The parties have had ample opportunity to raise summary judgment and *Daubert* issues via a robust case-dispositive-stage motion process. Indeed, the Court thinks that the process was too robust, as the parties (as parties regularly do in patent cases in this District), *see Dali Wireless, Inc. v. CommScope Techs. LLC*, Civil Action No. 19-952-MN, D.I. 290 at 2 (D. Del. Dec. 8, 2021), filed an outsized number of motions at the summary judgment/*Daubert* stage (there were 10 total, and Defendant filed seven of them, see D.I. 552; D.I. 555; D.I. 558;

D.I. 561; D.I. 564; D.I. 567; D.I. 569). Few of those were meritorious. In future cases, the Court will need to figure out how to better deal with how the summary judgment/*Daubert* process in patent cases has gotten so out of control. But for now, surely no additional summary judgment filing is warranted here.

6. Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the Memorandum Order. Any such redacted version shall be submitted no later than **January 27, 2022** for review by the Court. It should be accompanied by a motion for redaction that shows that the presumption of public access to judicial records has been rebutted with respect to the proposed redacted material, by including a factually-detailed explanation as to how that material is the "kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (internal quotation marks and citation omitted). The Court will subsequently issue a publicly-available version of its Memorandum Order.

Dated: January 24, 2022

_Christopher J. Burke_
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE