# EXHIBIT 3

Pursuant to Delaware Local Rule 16.3(c)(5), Defendant Google LLC ("Google") hereby submits the following statement of issues of fact that remain to be litigated and decided by the jury or the Court.

This statement is based on the current status of the case and the Court's rulings to date.  Google reserves the right to revise, amend, supplement, or modify the following statement based on any pretrial rulings by the Court and/or to address any additional issues, arguments, evidence, or other developments in the case, including edits to the draft pretrial order, any meet and confers or other negotiations between the parties, pending motions, and similar developments.  The following statement of issues of fact is not exhaustive, and Google reserves the right to prove any matters identified in the pleadings, interrogatory responses, and/or expert reports.  Google intends to offer evidence as to the issues of fact and issues of law identified in this Pretrial Order.  Google further intends to offer evidence to rebut evidence offered by Personal Audio, LLC ("Personal Audio").  To the extent that Google's Statement of Issues of Law to be Litigated set forth in Exhibit 5 contains issues of fact, those issues are incorporated herein by reference.  Should the Court determine that any issue identified below is more appropriately considered an issue of law, Google incorporates such issue by reference in Exhibit 5.  Google also incorporates by reference its expert reports to identify the issues to be resolved at trial.

## I.     GOOGLE HAS NOT DIRECTLY INFRINGED PERSONAL AUDIO'S ASSERTED PATENTS

1.      Whether Personal Audio has proven by a preponderance of the evidence that Google directly infringed Claims 3, 6, and 13 of U.S. Patent No. 6,199,076 ("the '076 Patent") and Claims 7 and 12 of U.S. Patent No. 7,509,178 ("the '178 Patent") (together, the "Asserted Claims") by having made, used, or sold the accused Google Pixel C tablet in violation of 35 U.S.C. § 271(a).[1]

## II.    GOOGLE HAS NOT INDUCED INFRINGEMENT OF PERSONAL AUDIO'S ASSERTED PATENTS

2.      Whether Personal Audio has proven by a preponderance of the evidence that Google actively induced infringement of the Asserted Claims in violation of 35 U.S.C. § 271(b).

3.      Whether Personal Audio has proven by a preponderance of the evidence that each of the 1,900+ allegedly accused products—which Personal Audio is alleging were made, used, offered for sale, and/or sold only by non-parties to this litigation—was made, used, offered for sale, or sold in the United States during the relevant time frame (and before the patents expired in October 1, 2016).

4.      Whether Personal Audio has proven by a preponderance of the evidence that each of the 1,900+ allegedly accused products was made or used by

---

[1]  The Court granted summary judgment of non-infringement under 35 U.S.C. § 271(f) as to third-party products.  D.I. 706 at 24 (Report and Recommendation), 754 (adopting D.I. 706).

another in the United States during the relevant time frame (and before the patents expired in October 1, 2016).

5.    Whether Personal Audio has proven by a preponderance of the evidence that each of the 1,900+ allegedly accused products—which were made, used, offered for sale, and/or sold only by non-parties to this litigation—meets every limitation of the Asserted Claims.

6.    Whether Personal Audio has proven by a preponderance of the evidence that Google knew of Personal Audio's '076 Patent and '178 Patent, knew or should have known that its actions caused another to directly infringe with each of the 1,900+ accused products, and possessed specific intent to encourage that infringement.

## III.    IF INFRINGEMENT IS FOUND, GOOGLE HAS NOT WILLFULLY INFRINGED PERSONAL AUDIO'S ASSERTED PATENTS

7.    If there is a finding of infringement, whether Personal Audio has proven by a preponderance of the evidence that Google willfully infringed the Asserted Claims in violation of 35 U.S.C. § 284.

## IV.    IF LIABILITY IS FOUND, DAMAGES FOR GOOGLE'S ALLEGED INFRINGEMENT

8.    To the extent that the jury finds that at least one Asserted Claim is valid and that Google infringed with at least one accused product, the amount of damages that Personal Audio is entitled to recover.

9.    To the extent the jury finds that at least one Asserted Claim is valid and that Google induced infringement with at least one accused product, the number of specific instances of induced infringement for which Personal Audio is entitled to recover.

10.    To the extent the jury finds that at least one Asserted Claim is valid and that Google induced infringement with at least one accused product, whether Personal Audio's damages are limited to accused products that are not already licensed under the '076 Patent and '178 Patent.

11.    To the extent Personal Audio seeks damages for pre-suit infringement, whether Personal Audio complied with the marking statute (including by providing actual notice in the event of a failure to mark), 35 U.S.C. § 287(a).

12.    If there is a finding of willful infringement of at least one Asserted Claim, whether Personal Audio is entitled to recover enhanced damages pursuant to 35 U.S.C. § 284.

13.    Whether Personal Audio is entitled to an award of prejudgment and post-judgment interest.

## V.    PERSONAL AUDIO'S ASSERTED PATENTS ARE INVALID

14.    Whether Google has proven by clear and convincing evidence that the Asserted Claims are invalid as obvious in view of the prior art pursuant to 35 U.S.C. § 103.

15.    If Google has made a prima facie showing that the Asserted Claims are invalid as obvious, whether Personal Audio has shown that secondary indicia of non-obviousness demonstrate that the claimed invention of the Asserted Claims would not have been obvious.  Whether Personal Audio has shown there is a nexus between the secondary considerations presented by Personal Audio and the claimed inventions of the Asserted Claims.

16.    Whether Google has proven by clear and convincing evidence that Claim 3 of the '076 Patent is invalid as indefinite pursuant to 35 U.S.C. § 112(b).

## VI.    THIS CASE IS EXCEPTIONAL

17.    Whether this case is exceptional, and if so, whether Google is entitled to its attorneys' fees and costs pursuant to 35 U.S.C. § 285.