IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PERSONAL AUDIO, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-1751 (CFC) |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**GOOGLE'S MOTION FOR CLARIFICATION OF CONSTRUCTION
OF THE "SEQUENCING FILE" LIMITATION**

Google LLC ("Google") seeks clarification of this Court's January 6, 2020 construction of "sequencing file" (D.I. 447) in view of the parties' arguments and this Court's ruling on Google's Motion *In Limine* No. 2 To Preclude Argument That More Than One File Can Meet The "Sequencing File" Limitation ("MIL") at the Pretrial Conference held on June 1, 2023 ("PTC").

**I.     BRIEF BACKGROUND TO CRYSTALLIZE THE ISSUE ON WHICH GOOGLE SEEKS CLARIFICATION**

The issue underlying Google's MIL was whether Personal Audio ("PA") could argue at trial that infringement may be found when a received and stored "sequencing file" is not used to control playback of each song in a playlist and respond to control commands; but rather a second file that contains some information copied from the received file is used to control playback and respond to commands. D.I. 799-18 (MIL) at 1-2.

Google's MIL was based on the Court's construction of "sequencing file" as "a file that is received by the player, stored, and used by the processor to both control playback of each song in the ordered sequence and respond to control commands." D.I. 447 at 3. On its face, this construction requires that the processor use the received sequencing file to control playback of each song and respond to control commands. As the Court explained in its Claim Construction Order, for example, "the player must use the same sequencing file that it downloaded (i.e., received) when responding to user commands." *Id.* at 6.

Google understands the Court's comments and ruling at the PTC to be consistent with its Claim Construction Order in this regard. During the parties' arguments, for example, the Court stated: "But what I construed was sequencing file. And I said the sequencing file has to perform, right, all three of the limitations proposed by Google, one of which is the control. And I said the sequencing file has to do it." PTC Tr. at 126:25-127:3. And in issuing its ruling, the Court stated: "I don't believe it's the case that the use of the file precludes the use of another file to execute the control function. All [the Court] said was that *the file had to be used to control it*, but that doesn't mean it can't be used with something else. *But it must be used as part of the control.* So I'm going to deny the motion in limine." PTC Tr. at 130:20-131:4 (emphasis added).

2

These statements by the Court appear to be consistent with the Court's construction, which requires the processor to use the received sequencing file when controlling playback of each song and when responding to control commands, even though the processor may *also* use "something else" in addition to the received sequencing file when controlling playback of each song. PTC Tr. at 131:1-3. Indeed, if this were not the case, the sequencing file would only be received and stored and would not be *used* for control as required.

In its infringement case, however, PA intends to rely on "instances" and "cases" where the processor does *not* use the received "sequencing file" when controlling playback of each song and when responding to control commands. PTC Tr. at 128:14-17. PA intends to argue that, in those "instances," infringement occurs (either literally or by equivalents) when one file is received and stored, some information from that file is copied into a second file, and *only* that second file is used to control playback of each song and respond to control commands. It is these particular "instances" of purported infringement that Google contends are contrary to the claim construction, which clearly requires that the same sequencing file "perform[] all three functions." PTC Tr. at 126:23-127:10. Indeed, it is precisely these "instances" of purported infringement that Judge Burke had understood to be precluded by the Court's construction of sequencing file: "sequencing file requires

that you can't use a copy of the sequencing file to control playback and respond to commands, you have to use the received file." D.I. 720 at 1-3; D.I. 785.

Because there appears to remain a dispute between the parties regarding whether the Court's claim construction covers these "instances" of purported infringement, Google brings this request for clarification.

## II.    GOOGLE'S REQUEST FOR CLARIFICATION

As indicated above, Google understands that the Court's ruling at the PTC does not change the requirement that the received and stored sequencing file "must be used" by the processor when controlling playback of each song and responding to control commands. PTC Tr. at 131:1-4. But in view of the continued disagreements between the parties regarding the proper interpretation of the Court's construction (*see, e.g.*, PTC Tr. 126:11-22, 128:14-17), Google requests clarification that the Court's claim construction of "sequencing file" precludes infringement where (i) one "sequencing file" is received and stored, (ii) some information from that "sequencing file" is copied into a second file, and (iii) the processor uses *only* that second file to control playback of a song or respond to control commands.

Given the centrality of the "sequencing file" to PA's infringement case, Google seeks a clarifying construction pursuant to *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008), so that there is no confusion as to what the jury is deciding with respect to infringement. Specifically,

4

Google requests that the construction of "sequencing file" be amended to make unambiguous that the "sequencing file" limitation is not satisfied unless the processor uses *the same* received and stored file when it controls playback of each song and responds to control commands (regardless of whether something else is also used at that time). Google proposes the following construction: "A file that is received by the player, stored, and used by the processor to both control playback of each song in the ordered sequence and respond to control commands. The same file that was received and stored must be used when the processor controls playback of each song and when the processor is responding to control commands."

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendant*

OF COUNSEL:

Melissa J. Baily
David A. Perlson
Antonio R. Sistos
Jeff Nardinelli
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600

June 7, 2023

5

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the plaintiff and that we have not been able to reach agreement.

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 7, 2023, upon the following at the email addresses indicated below:

| | |
|---|---|
| Brian E. Farnan, Esquire, Esquire<br>Michael J. Farnan, Esquire<br>Rosemary J. Piergiovanni, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Victor G. Hardy, Esquire<br>HARDY, PARISH, YANG, LLP<br>10703 Pickfair Drive<br>Austin, TX  78750<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Douglas Q. Hahn, Esquire<br>Salil Bali, Esquire<br>Steven M. Hanle, Esquire<br>Matthew R. Stephens, Esquire<br>Ahmad Takouche, Esquire<br>Jason de Bretteville, Esquire<br>Lisa Northrup, Esquire<br>STRADLING YOCCA CARLSON & RAUTH, P.C.<br>660 Newport Center Drive, Suite 1600<br>Newport Beach, CA  92660<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Brian P. Egan*

Brian P. Egan (#6227)