# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERSONAL AUDIO, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | C.A. No. 17-1751-CFC-CJB<br><br>JURY TRIAL DEMANDED |

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS**

Now that you have been sworn, I am going to give you some preliminary instructions to guide you in your participation in the trial.  I will give you more detailed instructions on the law at the end of the trial.

1. **DESCRIPTION OF THE ISSUES**[1]

I am going to give you an overview of who the parties are and what each contends. This is a civil action for patent infringement arising under the patent laws of the United States. We are going to try the case in phases and I will instruct you on each phase separately.

All the phases combined, we expect to complete the presentation of evidence by Friday.  [GOOGLE PROPOSAL:  It is possible the case could spill over into next week. But we will start with Phase I.][2][3]

The plaintiff in this case is Personal Audio, LLC. I will refer to Personal Audio, LLC as Plaintiff or Personal Audio. The defendant is Google LLC. I will refer to Google LLC as Defendant or Google.

---

[1]  *Magnolia Medical Techs., Inc. v. Kurin, Inc.*, No. 1:19-cv-00097-CFC-CJB ("Magnolia"), D.I. 447, Preliminary Jury Instructions (D. Del. Aug. 4, 2011)
[2]  **Google's Position:**  These instructions are based on the Magnolia instructions as delivered, and would be advisable to include to give the jurors an estimate on the timing of their service.
[3]  **Personal Audio's Position**: This proposed addition implicates the concern the Court addressed at the pretrial conference in that it may cause the jurors to consider whether they can shorten their service by finding a certain way in Phase 1.

1

Personal Audio owns the two U.S. patents that are at issue in this case, which I will refer to as the '076 patent and the '178 patent. I will refer to them together as the Asserted Patents.

Personal Audio contends that Google and certain third parties infringe claims 3, 6, and 13 of the '076 patent, and claims 7 and 12 of the '178 patent. I will refer to these claims together as the Asserted Patent Claims.

Google denies that it or any third party infringes any of the Asserted Patent Claims. Google also contends that each Asserted Patent Claim is invalid because the inventions described therein are found in the prior art or because the Asserted Patents should not have been granted.

In the first phase of trial, you will be addressing Personal Audio's claim that Google and certain third parties infringe the Asserted Patent Claims. You will also be addressing Google's claim that the Asserted Patent Claims are invalid.

During the course of this case, you will hear references to certain terms and phrases from the Asserted Patent Claims. I will give you a list of those terms and phrases for which I have provided a definition that you are to use in deciding the issues presented to you. Any other terms and phrases that are not included on the list should be given their plain and ordinary meaning in the context of the field of the patents.

2. **ROLE OF THE JURY AND ROLE OF THE COURT**[4]

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and you alone will be the judges of the facts. You will have to decide what happened.  I play no part in judging the facts. You should not take anything I may say or do during the trial as an indication of what I think of the evidence or what your verdict should be. Instead, I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions.

You are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

---

[4]  Magnolia Preliminary Jury Instructions, D.I. 447 at 3.

3.  **EVIDENCE**

You must make your decision based only on the evidence that you see and hear in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses say while they are testifying under oath (including deposition testimony that will be played or read to you), the exhibits that I allow into evidence, and any facts that the parties agreed to by stipulation.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. None of my comments or questions are evidence.

During the trial I may not let you hear the answers to some of the questions that the lawyers ask. I also may rule that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may order you to disregard things that you saw or heard. You must completely ignore all of these things. Do not speculate about what a witness might say or what an exhibit might show. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Do not consider my rulings on whether you can hear certain testimony or see certain exhibits as any indication of my opinion of the case or of what your verdict should be.

4. **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. For example, if a witness testified that she saw it raining outside, that would be direct evidence that it was raining.

Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. For example, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between the weight that you should give to either direct or circumstantial evidence, but simply requires that you find facts from all the evidence in the case, both direct and circumstantial, and give it whatever weight you believe it deserves.

## 5. CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

You may determine how much of any witness's testimony to accept or reject and choose to reject some parts of a witnesses testimony while accepting other parts.

6. **DEPOSITION TESTIMONY**[5]

You may hear witnesses testify through deposition testimony. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present in court to testify.

---

[5] Magnolia Preliminary Jury Instructions, D.I. 447 at 7.

## 7. EXPERT WITNESSES

When knowledge of technical subject matter might be helpful to the jury, a person who has special training or experience in that technical field - he or she is called an expert witness - is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to judge the credibility of the expert witness and decide whether to rely upon his or her testimony.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness.

**8. BURDENS OF PROOF**[6]

This is a civil case in which Personal Audio is alleging that Google and certain third parties infringe the Asserted Patents.

Personal Audio has the burden of proving that Google and those third parties infringe by what is called a preponderance of the evidence. That means Personal Audio has to produce evidence which, when considered in light of all of the facts, leads you to believe that what Personal Audio claims is more likely true than not. To put it differently, if you were to put Personal Audio's evidence on one side of the scale and Google's evidence on the opposite side, the evidence supporting Personal Audio's claims would have to make the scales tip slightly on Personal Audio's side.

In addition to denying infringement, Google contends that the Asserted Patent Claims are invalid. Google has the burden of proving invalidity by clear and convincing evidence. Clear and convincing evidence means that it is highly probable that a fact is true. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

---

[6] Magnolia Preliminary Jury Instructions, D.I. 447 at 9; D.I. 449 at 9 at 3; *Deere & Company v. AGCO Corporation Precision Planting LLC*, No. 1:18-cv-00827-CFC-JLH ("Deere"), D.I. 452, Joint [Proposed] Preliminary Jury Instructions (D. Del. Jul. 1, 2022).

[GOOGLE PROPOSAL: In this case, each of the Asserted Patent Claims is a dependent claim, which means it incorporates another patent claim by reference and then adds elements to it. Each of the Asserted Patent Claims in this case depends from one or more patent claims that have been canceled. It is undisputed that the canceled patent claims are invalid based on prior art that you will hear more about during the trial. For now, you should know that Google's burden to demonstrate invalidity of the Asserted Claims does not require Google to prove that the canceled claims incorporated into those Asserted Claims are invalid.][7] [8]

---

[7] **Google's Position:** It is undisputed that the asserted claims depend from claims that the PTO canceled pursuant to the particular statutory scheme that applies to it. It would be error for a jury to mistakenly believe that it could find an asserted dependent claim valid because Google did not demonstrate that a canceled claim is invalid. Personal Audio has not agreed to stipulate to the fact of the canceled claims and has not made a proposal to present evidence to the jury in a manner that is consistent with the fact that the claims were canceled. To the contrary, Personal Audio has stated its intent to expressly argue that elements of the canceled claims are not found in the prior art under this Court's claim constructions. D.I. 833 at 2-7. But the claims were canceled by the PTO pursuant to a separate statutory power, and nothing about these district court proceedings can revive those canceled claims. Accordingly, the jury should be informed that the relevant claims were canceled and how that fact impacts Google's burden of proof.

[8] **Personal Audio's Position:** This proposed addition is the subject of the briefing file June 7, 2023, and PA incorporates its brief by reference. (D.I. 833) In sum, the proposed instruction would be **error** as the issue of whether the elements of canceled claims were disclosed in the prior art under the Court's narrowed claim constructions in this case has never been decided and collateral estoppel does not apply. Nor does *Fresenius* apply because PA is not attempting to assert canceled claims.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That requirement does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not the plaintiff has met its burden of proof by a preponderance of the evidence or the defendant has met its burden of proof by clear and convincing evidence in this case.

## 9.     CONDUCT OF THE JURY[9]

Now, a few words about your conduct as jurors:

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case, not even among yourselves and not with family and friends. If anyone should try to talk to you about this case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions. The most important is the need for you to keep an open mind throughout the presentation of the evidence.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. They are following my instructions not to talk to or visit with you either. That is the reason you are asked to wear your juror tags. Second, do not read or listen to anything touching on this case in any way. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case, including using the Internet. Do not ask your family or

---

[9]  Magnolia Preliminary Jury Instructions, D.I. 447 at 10.

friends whom you think might know more than you do about the subject matter of this case.

I know that many of you use cell phones, smart phones, tablets, and other portable electronic devices; laptops, netbooks, and other computers. You must not talk to anyone at any time about this case or otherwise use these or other electronic devices to communicate with anyone about the case or, as I noted, get information about the case, the parties or any of the witnesses or lawyers involved in the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, Facebook, Snapchat, Twitter, or through any blog or website. You may not use any similar technology or social media to get information about this case, even if I have not specifically mentioned it here.  You also should not use any music applications that you may have on your electronic devices to try or test any of the information you will hear during the trial of this case.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case. After you retire to deliberate, you may begin to discuss the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at its end.

## 10. NOTE-TAKING BY JURORS[10]

The courtroom deputy will now distribute your jury notebooks. If you wish, you may take notes during the presentation of evidence, the summations of the attorneys at the conclusion of the evidence, and during my instructions to you on the law. Your notes are for your own personal use and are valuable, if at all, only as a way to refresh your memory. They are not to be read or given to anyone else including your fellow jurors. Your notes are not to be used in place of the evidence.

The court reporter will transcribe the trial testimony, but you should not assume that the transcripts will be available for your review during your deliberations. Instead, as you listen to the testimony, keep in mind that you will be relying on your memory when it comes time to deliberate and render your verdict in this case.

If you do take notes, do not take them away from court. At the end of each day, leave your notes in the jury room. At the conclusion of the case, after you have reached a verdict, a court officer will collect and destroy your notes.

---

[10] Magnolia Preliminary Jury Instructions, D.I. 447 at 12.

## 11.  INTRODUCTION TO PATENTS[11]

At this time, we are going to show a 17- minute video that will provide background information to help you understand what patents are, why they are needed, the role of the Patent Office, and why disputes over patents arise. This video was prepared by the Federal Judicial Center, not the parties in this case, to help introduce you to the patent system. During the video, reference will be made to a sample patent.

*[The video will be played.]*

---

[11] Magnolia Preliminary Jury Instructions, D.I. 447 at 13.

## 12. OUTLINE OF PHASE I OF THE TRIAL[12]

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is an outline of what that party intends to prove, and is presented as a preview of that party's case to help you follow the evidence as it is offered.

After the opening statements, the parties will present evidence which may include testimony from live witnesses, deposition testimony, and documents and things. Personal Audio will go first because it has the burden of proof on infringement. Following Personal Audio's case, Google may present evidence in order to show that Personal Audio cannot prove its claims of infringement and to support its argument that the Asserted Patent Claims are invalid. Following Google's case, Personal Audio may then present evidence to rebut the evidence Google offers.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, which is also called a sidebar. If that happens, please be patient. We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law. We will, of course, do what we can to keep the number and length of these conferences to a minimum. Do

---

[12] Magnolia Preliminary Jury Instructions, D.I. 447 at 14.

not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

After all of the evidence is presented, the attorneys will present to you closing arguments. As with opening arguments, closing arguments are not evidence. I will give you instructions on the law that applies to the case, and you will then retire to the jury room to deliberate on your verdict.

17