

*VIA ELECTRONIC FILING*                           June 7, 2023

The Honorable Colm F. Connolly                    **FILED UNDER SEAL**
United States District Court
for the District of Delaware
844 North King Street
Wilmington, DE 19801

          Re:   *Personal Audio, LLC v. Google LLC*
                C.A. No. 17-1751-CFC-CJB

Dear Chief Judge Connolly,

        In order for Google to establish invalidity of an asserted claim, it must show that each element of that claim, including all claims from which it depends, is present in <u>the specific prior art combination</u> relied upon.  *See, e.g., Sandt Technology, Ltd. v. Resco Metal and Plastics Corp*., 264 F.3d 1344, 1356 (Fed. Cir. 2001) ("All claims are 'presumed valid independently of the validity of the other claims.' 35 U.S.C. § 282. Because dependent claims contain additional limitations, they cannot be presumed to be invalid as obvious just because the independent claims from which they depend have properly been so found."). In addition, Google must establish that one of ordinary skill in the art would be motivated to make such a combination from the existing prior art. *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007) ("Often, it will be necessary for a court to look to … the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue.").

**There Is No Legal Basis for the Relief Google Requests**

        Google originally requested that the Court find that PA is "collaterally estopped from arguing that the elements of Claim 1 of the '076 Patent, or Claims 1-4 and 9 of the '178 Patent (the 'Canceled Claims,' from which certain asserted claims depend), are not obvious based on a final, non-appealable decision by the Federal Circuit."  (D.I. 799 p. 40.)  When confronted with the lateness of its requested relief, and with all of the many reasons why collateral estoppel does not apply (see D.I. 799 pp. 42-46), Google pivoted.  Google argued instead that its

request arose from *Fresenius USA, Inc. v. Baxter Intern., Inc.,* 721 F. 3d 1330 (Fed. Cir. 2013).  (Pretrial Conference Transcript, D.I. 823, p. 40.)  *Fresenius* stands for the unremarkable position that a patent owner cannot maintain a cause of action for infringement of patent claims that have been invalidated by the PTO after affirmance by the Federal Circuit.  Personal Audio seeks nothing of the kind here, and neither *Fresenius* nor any other case applies collateral estoppel on an element by element basis, as Google seeks to do here.  In other words, Google has identified no authority for the proposition that the jury should be instructed to presume that certain unasserted claim elements are present in the prior art, based on the PTAB's invalidation of those claims.[1]

## Google's Proposal Ignores The Court's New Claim Constructions

Google nonetheless seeks to take a shortcut, and have the Court instruct the jury that the elements of claims canceled in an IPR are present in the prior art.  Google's proposed shortcut, rests on an erroneous assumption that the PTAB's findings in the IPR speak directly to the presence of the unasserted claims in the prior art.  The PTAB's findings in the IPR, however, were based on materially different claim constructions than apply here, and as a result the issues of whether the prior art discloses the limitations as construed here have never been decided.

Indeed, this Court has already noted that the PTAB used several materially different claim constructions in the IPR proceedings.  (*See, e.g.*, D.Is. 331, 372, and 406).  Google, having proposed and achieved ***narrowed*** constructions in this case in an effort to avoid infringement, cannot rely on the PTAB's use of the much broader constructions that it proposed and achieved in the IPR in service of its invalidity assertions.  If Google successfully avoids having to prove that certain limitations as narrowed here were disclosed in the prior art, Google will be able to hide inconsistencies between Google's infringement and validity theories, and thereby mislead the jury.

For example, Google argued at the pre-trial conference:

MS. BAILY: Can we just bring up one of the claims? So I shouldn't have to spend time with the jury showing that the sequencing file of Claim 1 is present in prior art *Chase*, and explain where that is and are they going to dispute it? Are we going

---

[1]     The parties met and conferred, and Google has stated that it is not proposing to have the Court instruct the jury that certain claims were canceled.  If Google later changes that position, PA requests the opportunity to address it.

to have a fight about whether Claim Element 3, the sequencing file in Claim 1, is disclosed by the prior art?

(Pretrial Conference Transcript, D.I. 823, p. 58.)

Because the PTAB relied on a materially *broader* claim construction for *sequencing file* than adopted by this Court, the answer to Ms. Bailey's questions is YES.

| IPR Construction | This Court's Construction |
|---|---|
| "a file of data establishing a sequence in which said program segments are scheduled to be reproduced by said player" | "a file that is received by the player, stored, and used by the processor to both, control playback of each song in the ordered sequence, and respond to control commands" |
| '076 Final Written Decision at 31. | D.I. 447 at 2 - 5. |

This Court's construction is significantly narrower than the IPR construction. Unlike the PTAB's construction, it requires that the file be received by the player, stored and "used by the processor to" (1) "control playback" and (2) "respond to control commands." Therefore, the PTAB never considered whether the Chase prior art disclosed this narrower version of a sequencing file.

Allowing Google to gloss over these material differences would allow Google to apply one (narrow) construction to the same claim element for infringement (this Court's construction) while applying a different (broad) construction for invalidity (the IPR construction). The Jury is entitled to know Google's proofs and theories as to how *Chase* meets the sequencing file limitation using the same narrow construction for validity that Google is using for infringement. Allowing Google to apply different constructions for infringement and invalidity would violate fundamental patent law, and Google has offered no cases to support this novel gambit.

Continuing with the same example, Google's non-infringement arguments in this case describe GPM's use of the playlist as follows:



See D.I. 473, Ex. A, ¶¶ 329, *et seq.*  According to Google's non -infringement expert, GPM does not ████████████████████████████, as described in the Court's narrow construction, because the ████████████████████████████████████ ████████.  In other words, Google argues that the ███████████████████████████ ██████████.[2]

Google's invalidity expert, in contrast, asserts that *Chase* discloses the following "use" of the "playlist.txt" (Google's asserted sequencing file in *Chase*) by the control algorithms:



D.I. 473, Ex. A, ¶¶ 201-214.  The downloaded playlist in *Chase*, however, is not "scanned" directly by the control algorithms.  Rather, the downloaded playlist is used to populate a data structure called "treenode[.]"  The treenode is then scanned by the player's controls.  *Id.*  But if this use of data from the playlist.txt file by *Chase* is understood as ████████████████████████████████████████ ████████████████████) under the Court's narrowed construction, then Google Play Music *also* ████████████████████████████████████ ████████████████, and therefore infringes even under the Court's narrowed construction.

_____

[2] PA disputes Google's factual account because the ██████████████████████████ ████████████████████████████████████████████████████████████ ████████.

Thus, both *Chase's* and GPM's playlist (as told by Google) present exactly the same issue:  Is a  "used to control playback" as required by the sequencing file limitation here?  Because ██████████████████████████ Google's noninfringement argument is inconsistent with its invalidity argument that *Chase* discloses the sequencing file limitation.  In other words, the fundamental problem with Google's instant motion is that a sequencing file, as construed by the IPR, could be met by a file that would ***not*** meet the Courts construction here (*i.e.*, one that is not used to control playback).   Google should not be able to escape its inconsistent positions by not having to put on its own proofs as to what *Chase* discloses relative to this Court's claim construction.

Additional material differences in the relevant claim constructions include:

- "**File**" (claim 1 of the '178 patent)

    o This term was not construed by the PTAB, and was limited by this Court to "a collection of data that is stored and manipulated as a named unit by a file-management or database system." (D.I. 331 at 17).

    o The IPR thus did not decide whether the unique data structures disclosed in Chase would constitute a file as construed by this Court.  Also if different storage locations (e.g., persistent memory versus RAM) for the same data represent different "files," as defendants contend, then that would create materially different inquiry and potential outcome with respect to downloaded audio files that the PTAB found present in Chase.

- "**LocType**" (asserted claims of the '076 patent and asserted claim 7 of the '178 patent).

    o This term was not construed by the PTAB, and was limited by the Court to "a single byte character and an identifier that indicates a characteristic of a selection record" by this Court (D.I. 331 at 47).

    o It is unclear what the PTAB considered to be the LocType in Chase, but Chase does not disclose a "single byte character," so it appears that the PTAB applied a different construction.

- "**means for detecting a first command indicative of a request to skip forward**"

  o The PTAB construed this term to permit any "conditional programming construct" (*Google Inc. Personal Audio LLC*, IPR2015-00845, Paper 42 at 18), but this Court limited the structure to only "an 'if-then-else' programming construct" (D.I. 372 at 22, 29)

- "**a communications port for establishing a data communications link for downloading a plurality of separate digital compressed audio program files and a separate sequencing file from one or more server computers**" (claim 1)

  o This term was not construed by the PTAB, and was construed by this Court as "transferring digital compressed audio program files and a separate sequencing file from one or more separate computers to the player over a network upon a request by the player identifying said digital compressed audio program files and said separate sequencing file." (D.I. 406 at 10). The Court's construction requires that "downloading" is initiated "upon a request by the player" and that the request identify "said digital compressed audio program files and said separate sequencing file."

  o No such requirement was imposed in the IPR. There, the playlist in Chase was sent by a national broadcaster by electronic envelope and by regular mail to radio stations across the country and did not disclose any two-way communication between the DJ operators and the National producer—thus *Chase* could not disclose a transfer over a network "upon a request by the player."

- "**editing means**"

  o This term was not construed by the PTAB.

  o This Court limited this term to the function of "modifying said data establishing said sequence" and the structure "a player client programmed to: 1. Access selections file 351; and 2. Alter identifiers of program segments within the selections file, including the following operations: (a) Add a program segment; and/or; (b) Delete a program segment; and/or; (c) Assign a new or

different order to a given program segment; and update the order for the program segments in the serialized sequence." (D.I. 406 at 11–18)

Thus, there are numerous material differences between the claim constructions used by the PTAB in the IPRs and those adopted by the Court. Accordingly, the issue of whether the prior art disclosed those claim elements as construed by this Court was never decided by the PTAB, and there is no legal basis, estoppel or otherwise, to excuse Google from its burden to prove invalidity by clear and convincing evidence based on *this Court's* constructions.  As explained in *Ioengine*, "the results of the IPR proceedings do not preclude IOENGINE from arguing that the limitations of the [cancelled] independent claims of the '969 and '703 patents are not found in the prior art." *Ioengine, LLC v. Paypal Holdings, Inc.*, Civil Action No. 18-452-WCB, 2022 U.S. Dist. LEXIS 127876, at *5 (D. Del. June 15, 2022) ("Accordingly, evidence of the IPR proceedings will not be helpful to the jury in adjudicating the validity of the dependent claims.").

In sum, given the materially different claim constructions, Personal Audio contends that it would be error to instruct the jury to assume that *Chase* and/or *Loeb* (the prior art relied upon by the PTAB) disclose the elements of claims 1 through 4 (or any other canceled claims).  But if the Court does give such an instruction, in fairness, the Court must also instruct the jury that they are to assume that Chase and Loeb do not disclose the elements of claims 5, 6 and 7 (and other claims that survived the IPRs).  Google must not be permitted to cherry-pick the favorable results of the IPR's while hiding the unfavorable results.

At the pre-trial conference, the Court expressed concern that jurors could mistakenly understand cancelled claims to be asserted in the case.  We respectfully assert that there is no reason for any such concern, and that informing the jury that any such unasserted claims have been canceled would be both unnecessary and unduly prejudicial.  Personal Audio will not argue that the unasserted claims canceled in the IPR are valid.  Further, Personal Audio will only contend that elements of canceled claims are not found in the prior art where the scope of the claim elements based on the Court's claim construction in this case is materially different from that applied by the PTAB in the IPR proceedings.

Finally, while the Court has indicated that it may be inclined to address this issue now, there can be no doubt that it could and should have been brought as a summary judgment motion before the summary judgement deadline, just as it was

in *Ioengine, LLC v. Paypal Holdings, Inc.*, Civil Action No. 18-452-WCB, D.I. 511, at 21-28 (D. Del. June 15, 2022).  Google has long been on notice that Personal Audio and its expert would not concede that certain elements incorporated in the asserted claims from canceled claims were disclosed in the prior art.  See Expert Rebuttal Report of Dr Kevin C. Almeroth, PhD. Regarding Validity of U.S. Patent Nos. 6,199,076 and 7,509,178, ¶¶ 360-368 entitled "Chase Fails to Disclose or Teach the Sequencing File and Downloading Claims").  Accordingly, the Court can and should deny Google's belated request on both procedural and substantive grounds.

Respectfully submitted,

*/s/ Rosemary J. Piergiovanni*

Rosemary J. Piergiovanni


cc: Counsel of Record (Via E-Mail)